THE STATE OF OHIO, APPELLEE, *v.* WALKER, APPELLANT.

(No. 1227—Decided October 29, 1974.)

*Mr. Joseph Loha* and *Mr. Robert J. Palumbo,* for appellee.

*Mr. Harry B. Chalfant* and *Mr. Nathan Stern,* for appellant.

LYNCH, P. J. Defendant is appealing the verdict and judgment finding defendant guilty of voluntary manslaughter pursuant to R. C. 2903.03. On January 13, 1974, Lonnie Hicks, a four month old child, was admitted to Ohio Valley Hospital where he died on January 17, 1974. The autopsy report attributed death to a subarachnoid hemorrhage due to a blunt injury to the left side of the head. There was no fracture of the skull.

Lonnie Hicks was the son of Marion Hicks, with whom defendant was living. Defendant admitted that on January 12, 1974, he had been drinking and was lying on the couch when Marion Hicks went shopping. Subsequently, Lonnie started to cry. Defendant got up and tried to give him his bottle, but he wouldn't accept it. Defendant changed the

milk and tried to give him his bottle again. Lonnie continued to cry and scream. Out of impatience or frustration defendant hit Lonnie twice with the milk bottle between his left ear and forehead. After that Lonnie quieted down.

The state's expert witnesses testified that the striking of this child on the left side of the forehead with an eight ounce milk bottle could cause the death of Lonnie Hicks. Defendant's first assignment of error is that the trial court erred in overruling defendant's motion for discharge under the mandatory provisions of R. C. 2945.73(B), 2945.71 and 2945.72.

R. C. 2945.71(C)(2) and (D) provide that a person against whom a charge of felony is pending shall be brought to trial within ninety days after his arrest where such person has been held in jail in lieu of bail on the pending charge, unless such time is extended by R. C. 2945.-72. Since defendant was held in jail from his arrest on January 15, 1974, until his trial, which commenced May 1, 1974, R. C. 2945.71(C)(2) and (D) required that he be brought to trial within ninety days of his arrest unless such time was extended by R. C. 2945.72. *State* v. *Cross*, 26 Ohio St. 2d 270.

Although defendant was arrested on January 15, 1974, on the charge that he beat Lonnie Hicks, a four month old child, Lonnie Hicks did not die until January 17, 1974. Therefore, we hold that defendant's arrest on January 15, 1974, was not for the charge on which he was convicted, because one of the essential elements of voluntary manslaughter is that the victim be deceased. On January 17, 1974, defendant's parole officer put a hold order on defendant after his investigation of the beating of Lonnie Hicks, pursuant to R. C. 2967.15.

The affidavit charging defendant with the offense for which he was convicted was filed in the Steubenville Municipal Court on January 22, 1974. A warrant was issued and defendant was arrested on this warrant the same day. Under the circumstances of this case, we agree with the trial court that defendant was arrested on January 22, 1974, for the offense of which he was convicted in the instant case,

and that the ninety day period for his trial ended April 22, 1974, unless the time was extended by R. C. 2945.72.

On April 17, 1974, the trial court signed a journal entry that this case was set for trial on April 18, 1974, at 1:30 p. m. On that same date, defendant filed a motion for discharge because he was not tried within ninety days of his arrest. We agree with the trial court's overruling of this motion, on April 25, 1974.

On April 22, 1974, defendant filed a motion to suppress as evidence two written and signed statements made by him. On April 25, 1974, the trial court signed a journal entry that, by agreement of the prosecuting attorney and the attorneys for defendant, this case would go to trial on May 1, 1974. All attorneys signed this journal entry.

Before the commencement of the trial on May 1, 1974, the trial court overruled defendant's renewed motion for discharge because he was not tried within ninety days of his arrest. In his opinion on defendant's application for a new trial, rendered on May 20, 1974, the trial court stated that the delay after the original date of trial, which was April 18, 1974, and which was within the ninety days of the date that defendant was charged, was caused by defendant's own motions which extended the time under R. C. 2945.72 (E) within which defendant should be brought to trial.

Since the ninety day period for defendant's trial expired April 22, 1974, and defendant filed a motion to suppress evidence on that day and there was a pending motion filed April 17, 1974, to discharge defendant, we agree with the trial court that this extended the time within which defendant should be brought to trial pursuant to R. C. 2945.-72(E). Therefore, we overrule defendant's first assignment of error.

Defendant's second assignment of error is that the trial court erred in overruling defendant's motion for a directed verdict, made at the conclusion of the state's case, upon the ground that the essential elements of the indictment were not proved. We have read the entire record of this case and find that the state introduced sufficient evidence to support the verdict as to all the essential elements

of the offense for which defendant was convicted. Therefore, we overrule defendant's second assignment of error.

We have considered defendant's third assignment of error that the trial court erred in overruling defendant's motion for a new trial and find it without merit.

*Judgment affirmed.*

DONOFRIO and O'NEILL, JJ., concur.

O'NEILL, J., concurring. In my opinion, defendant's detention for the purpose of calculation, pursuant to R. C. 2945.71, commenced on January 15, 1974. However, his continued detention was not solely because of the charge upon which he was subsequently convicted. On January 17, 1974, his parole officer put a hold on the defendant. There is nothing in the record to indicate that this arrest was improper.

The Ohio Supreme Court has held that detention must be because of an arrest or indictment which results in conviction.

"A defendant is not entitled to a discharge under the provisions of R. C. 2945.71, where he was in jail at the time the indictment was returned and was detained in jail for more than two terms thereafter but such detention in jail was not solely because of that indictment. (*State* v. *Gray*, 1 Ohio St. 2d 21, and *State, ex rel. Hodges,* v. *Coller*, 19 Ohio St. 2d 164, approved and followed.)" *State* v. *Fairbanks*, 32 Ohio St. 2d 34, paragraph 2 of the syllabus.

Accordingly, I would overrule assignment of error number one for the foregoing reason. I concur in the overruling of assignments of error numbers two and three.