The STATE of Ohio, Appellee,

v.

ARRIZOLA, Appellant. (Two cases.)

[Cite as *State v. Arrizola* (1992), 79 Ohio App.3d 72.]

Court of Appeals of Ohio,
Henry County.

Nos. 7-91-16, 7-91-17.

Decided March 31, 1992.

*Thomas L. Bischoff,* Napoleon City Prosecutor, for appellee.

*Mark L. Haver,* for appellant.

EVANS, Judge.

This is an appeal from the judgment and sentence of the Municipal Court of Napoleon in which the defendant-appellant, Alfredo Arrizóla, was convicted of operating a motor vehicle while under the influence of alcohol and driving with an expired driver's license.

The facts of this case are not in dispute. In the early morning hours of August 26, 1990, Arrizola was arrested for driving under the influence of alcohol in violation of R.C. 4511.19(A)(1) and (A)(3), as well as driving with an

expired license in violation of R.C. 4507.02. He was held in jail until his bond hearing was held on August 31, 1990.

On September 13, 1990, Arrizola filed a motion to suppress certain evidence. A hearing on this motion was scheduled for October 8, 1990. At the prosecution's request, the hearing was delayed until October 19, 1990. This was the only continuance filed in the case. The court, after hearing the evidence and arguments of counsel, requested that both parties provide written briefs to aid in its determination of the issues raised at the suppression hearing. These briefs were filed on November 2, 1990. No further action was taken on Arrizola's case until April 29, 1991, when the court entered its decision denying his motion to suppress.

After denying the motion to suppress, the court scheduled a pretrial conference, which took place on May 30, 1991. On that date, Arrizola filed a motion to dismiss the complaints, alleging the statutory period during which the state was required to bring him to trial had elapsed. A hearing on this motion was held on June 10, 1991. The court overruled the motion, and for the first time since appellant's arrest, scheduled the matter for trial. Neither Arrizola nor his attorney ever waived the right to a speedy trial.

The trial, which was scheduled for June 25, 1991, never took place. Instead, on June 17, 1991, Arrizola, pursuant to a negotiated plea, changed his plea to "no contest" and was found guilty of both charges. On the expired driver's license charge, the court imposed a fine of $100 and court costs. Because the charge of driving under the influence was a third offense, the court suspended Arrizola's license to drive for three years, fined him $500, sentenced him to one year in jail, and required him to participate in an alcohol treatment program. The court then suspended six months of the jail term and $250 of the fine.

Arrizola appeals from the judgment of the trial court, asserting one assignment of error, which states:

"The trial court erred in overruling defendant's motion to dismiss for want of a speedy trial."

For the reasons explained herein, we reverse the judgment of the Municipal Court of Napoleon and order the defendant discharged.

In the present case, appellant was charged with violations of R.C. 4507.02 and 4511.19(A)(1) and (A)(3). Because these charges were filed as first-degree misdemeanors, appellant was required to be brought to trial within ninety days of his arrest. R.C. 2945.71(B)(2) states:

"(B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:

" * * * *

"(2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree * * *."

Extensions of the period in which a defendant must be brought to trial are permissible only for the reasons expressed in R.C. 2945.72, which provides in part:

"The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

" * * *

"(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused[.]"

In the present case the ninety-day limit within which the state had to bring appellant to trial was extended pursuant to R.C. 2945.72(E) by appellant's filing a motion to suppress evidence. *State v. Walker* (1974), 42 Ohio App.2d 41, 71 O.O.2d 238, 327 N.E.2d 796.

This motion was filed by appellant on September 13, 1990. The court scheduled a hearing on the motion to take place on October 8, 1990. However, at the request of the prosecution, the hearing was continued until October 19, 1990. Per the trial court's request, the parties were given two weeks to file briefs on the motion to suppress. From the date the briefs were filed, November 2, 1990, the trial court spent one hundred seventy-eight days considering appellant's motion to suppress. We find this amount of time to be unreasonable.

The Committee Comment to H.B. 511 explains that the reasons for delay identified in R.C. 2945.72 do not unconditionally extend the time limit in which an accused must be brought to trial, but, rather, this limit is "merely extended by the time necessary in light of the reason for delay." The Supreme Court of Ohio has also indicated that a trial court does not have unbridled discretion concerning the amount of time necessary to rule on a defense motion. *State v. Martin* (1978), 56 Ohio St.2d 289, 297, 10 O.O.3d 415, 420, 384 N.E.2d 239, 244. "A strict adherence to the spirit of the speedy trial statutes requires a trial judge, in the sound exercise of his judicial discretion, to rule on these motions in as expeditious a manner as possible." *Id.* In *State v. Branham* (Oct. 8, 1987), Paulding App. No. 11–85–9, unreported, at 12–13, 1987 WL 18223, Judge Shaw of this court wrote:

"In the present case, the defendant filed a motion to suppress and a motion to dismiss prior to the trial. The *reasonable time necessary* for the court to rule on each of those motions is clearly attributable to the defendant as a 'period of delay necessitated by reason of a * * * motion * * * made or instituted by the accused * * *' under R.C. 2945.72(E)." (Emphasis added.)

■ Based on the authorities cited, we hold that the extension of time to rule on a defendant's motion to suppress is subject to a requirement of reasonableness.

In determining the reasonableness of the time in which a trial court must rule on a motion, careful examination of the particular circumstances of the case must be made. The complexity of the facts and the difficulty of the legal issues to be resolved must be considered. A reviewing court must also be cognizant of the time constraints placed on a trial judge's schedule.

■ Normally we would not regard the time spent by a trial court in determining the issues raised in a defendant's motion to count against the ninety-day limit within which the defendant must be brought to trial. However, in the present case, over seven months elapsed between the time appellant filed his motion to suppress and the date the trial court rendered its decision. Nothing appears on the record which would justify this amount of time. We recognize that not all motions made to a trial court lend themselves to prompt disposition. However, in consideration of the facts of this case and the nature of appellant's motion to suppress, we find this amount of time to be excessive.

M.C.Sup.R. 6 directs a trial court to determine a motion within one hundred twenty days from the date the motion was filed. Appellant filed his motion to suppress on September 13, 1990. The court did not render its decision until April 29, 1991, two hundred twenty-eight days after the motion was filed. While the time allowed under this rule is only a guide, it still serves as an indication of what amount of time would be appropriate in the usual case.

We find that the trial court's unreasonable amount of time spent considering appellant's motion violated his right to a speedy trial. The trial court erred in not granting appellant's motion to dismiss the charges for lack of a speedy trial as required by R.C. 2945.73, which states:

"(B) Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code."

Finding that appellant's motion for dismissal of the charges should have been granted, this court, pursuant to App.R. 12(B), enters the judgment that should have been rendered by the trial court and dismisses the complaints filed against appellant and orders that he be discharged.

*Judgment reversed,*
*complaints dismissed*
*and appellant discharged.*

SHAW and THOMAS F. BRYANT, JJ., concur.