This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Gerald A. Adams has appealed from a judgment of the Wadsworth Municipal Court denying his motion for a discharge delay in trial, in which he claimed that his right to a speedy trial had been violated. This Court affirms.
 I
On August 2, 2000, Appellant was cited by the Wadsworth Police Department for driving under the influence of alcohol and prohibited breath alcohol content in violation of R.C. 4511.19(A) (1) and (3) ("DUI"). Appellant filed a jury demand, and did not waive his right to a speedy trial. He also filed a motion to suppress evidence, which the trial court denied after a hearing. After several continuances had been granted by the trial court, Appellant's trial date was scheduled for February 22, 2001.
On February 9, 2001, Appellant filed a motion for a discharge delay in trial, claiming that his right to a speedy trial had been violated. The trial court denied Appellant's motion on February 15, 2001. On February 22, 2001, Appellant entered a plea of "no contest" to the DUI charge, and was found guilty by the trial court. Appellant has timely appealed the denial of his motion for discharge, asserting one assignment of error.
 II Assignment of Error The trial court erred by denying [Appellant's] motion for discharge due to the fact Appellant was denied a speedy trial pursuant to [R.C. 2945.71(B)(2)].
In his sole assignment of error, Appellant has argued that the trial court erred in denying his motion for discharge because he was denied his right to a speedy trial. Specifically, Appellant has contended that the time for certain continuances of his trial should have been charged to the city, and should not have tolled the statutory speedy trial period.
When reviewing whether a defendant has been denied his right to a speedy trial, this Court applies the de novo standard to questions of law and the clearly erroneous standard to questions of fact. State v. Thomas
(Aug. 4, 1999), Lorain App. No. 98CA007058, unreported, at 4. Statutory speedy trial provisions are to be strictly enforced by the courts. Statev. Pachay (1980), 64 Ohio St.2d 218, syllabus.
Each DUI charge against Appellant was a first degree misdemeanor. R.C.4511.99(A)(1). Pursuant to Ohio's speedy trial statute, a defendant charged with a first degree misdemeanor shall be brought to trial "[w]ithin ninety days after the person's arrest or the service of summons[.]" R.C. 2945.71(B)(2). If the accused is not brought to trial within the time prescribed by statute, the trial court shall discharge the defendant upon a motion for dismissal prior to or at the commencement of trial. R.C. 2945.73(B).
The ninety day statutory rule is not absolute, however, and may be extended or tolled under certain circumstances. R.C. 2945.72. In particular, R.C. 2945.72(E) provides:
 The time within which an accused must be brought to trial * * * may be extended * * * by * * * [a]ny period of delay necessitated by reason of a * * * motion * * * made or instituted by the accused[.]
In the instant case, the city moved the trial court for a continuance of the hearing on Appellant's suppression motion because the city's witness was going to be on military leave on the date scheduled for the hearing. The trial court found this to be a reasonable continuance and granted the same, and rescheduled the hearing for November 17, 2000. The trial court simultaneously continued Appellant's trial date from October 10, 2000, until November 21, 2000. Appellant has argued that the forty-two days that were added to the time before his trial because of this continuance should have been charged to the city.
As long as a trial court rules on a defendant's motion to suppress evidence within a reasonable time, the speedy trial clock is tolled from the time the accused files the motion until the court disposes of the motion. State v. Arrizola (1992), 79 Ohio App.3d 72, 76. In applying this rule, numerous courts have held that a continuance of a hearing on a defense motion for a reasonable time due to the unavailability of a prosecution witness is chargeable to the defendant. See State v. Laird
(Sept. 24, 1993), Marion App. No. 9-93-13, unreported, 1993 Ohio App. LEXIS 4974; State v. Moening (Feb. 27, 1991), Allen App. No. 1-90-4, unreported, 1991 Ohio App. LEXIS 1113; State v. Erdman (Mar. 16, 1990), Portage App. No. 88-P-2010, unreported, 1990 Ohio App. LEXIS 941; Statev. Lilly (Nov. 19, 1985), Montgomery App. No. CA 9094, unreported, 1985 Ohio App. LEXIS 9398; State v. Kroft (Sept. 27, 1979), Licking App. No. CA-2623, unreported, 1979 Ohio App. LEXIS 10892. This Court likewise finds that the forty-two days during which Appellant's trial was delayed due to the continuance of the hearing on his motion to suppress were properly charged to Appellant by the trial court. Appellant's first argument is without merit.
Appellant has also argued that the delay of his trial occasioned by another continuance granted sua sponte by the trial court should not have been charged to him for speedy trial purposes. The sua sponte continuance at issue in Appellant's second argument continued Appellant's trial scheduled for February 1, 2001, until February 22, 2001. On February 1, 2001, a total of eighty-six of the ninety days allowable for speedy trial purposes had been charged to the city.
R.C. 2945.72(H) provides that the time within which a defendant must be brought to trial may be extended by "the period of any reasonable continuance granted other than upon the accused's own motion." When a trial court sua sponte continues a defendant's trial beyond the statutory speedy trial period, the trial court must 1) journalize the continuance prior to the expiration of the speedy trial period, 2) identify the party to be charged with the continuance, and 3) indicate the reason(s) for the continuance. State v. Harr (1992), 81 Ohio App.3d 244, 248. In addition, "[t]he record of the trial court must in some manner affirmatively demonstrate that a sua sponte continuance by the court was reasonable in light of its necessity or purpose." State v. Lee (1976), 48 Ohio St.2d 208,209.
In the instant case, the trial court satisfied the requirements outlined in Harr. By journal entry on February 1, 2001, the trial court continued Appellant's trial scheduled for that date, stating that the reason for the continuance was that State v. Anshutz, another case on the court's docket, would go forward instead. The court's journal entry explained that Anshutz "for speedy trial purposes is the primary case." The court also found that said continuance was reasonable, and indicated that the time would not run against the city.
Appellant has claimed, however, that the reason for the continuance was not reasonable. Specifically, Appellant has argued that the court's reasoning that Anshutz rather than Appellant's case would go forward as the "primary case" for speedy trial purposes was not reasonable because the defendant in Anshutz had waived his right to a speedy trial.
In determining whether a trial court's sua sponte continuance was reasonable, this Court does not confine its inquiry solely to the rationale set forth in the trial court's judgment entry granting the continuance. Rather, the reasonableness of the continuance "must be affirmatively demonstrated in some manner in the trial court." State v.McRae (1978), 55 Ohio St.2d 149, 153; Lee, 48 Ohio St.2d 209.
In this case, the trial court's judgment entry denying Appellant's motion for discharge delay in trial stated that the reason for the continuance was that a jury trial that had begun on January 30, 2001, was still in progress on February 1, 2001:
 The jury trial of [Appellant's case] set for February 1, 2001, has to be continued by the Court because an older case went forward, which the Court journalized on February 1, 2001. Actually, the "older" case was the case tried to a jury on January 30, 2001, which did not finish and had to be completed on February 1, 2001.
Implicit in Appellant's argument is that when the trial court scheduledAnshutz for trial on January 30, 2001, it had a duty to investigate whether the defendant in that case had waived his right to a speedy trial, and to assign precedence to Appellant's case because he preserved his speedy trial rights. Appellant has cited no authority for the proposition that such a duty was incumbent on the trial court. Even if the trial court had known that the defendant in Anshutz had waived his right to a speedy trial at the time it went forward with Anshutz on January 30, 2001, this Court cannot find that it was unreasonable for the trial court to continue Appellant's case on February 1, 2001, because Anshutz
was still in progress on that date. Appellant's second argument also lacks merit.
 III
Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BATCHELDER, P.J., CARR, J. CONCUR.