OPINION
Appellant, Roshawn Littlefield, appeals the January 10, 2002, judgment of conviction and sentence of the Common Pleas Court of Marion County, Ohio.
On the night of July 26, 2001, a private citizen approached Officer Isom of the Marion Police Department and informed him that he had seen a man wearing dark clothing exit a parked car, cover his face with a dark hood or something similar, and approach an apartment complex. Based on this information, Officer Isom went to the location of the parked car. As he approached the vehicle, the officer shined his spotlight on the car and noticed three individuals sitting inside. The front passenger, later identified as Appellant Littlefield, was wearing all dark clothing with some type of hood on his head. Officer Isom also noticed both Littlefield and the rear passenger, co- defendant Jermaine Curtis, moving inside the vehicle. Concerned for his safety, a back-up unit was called and all three people inside the vehicle were removed. Upon searching the vehicle with the consent of the owner, co-defendant Elizabeth Myers, a Luger Tech 9 semi-automatic pistol was recovered from a bookbag located on the floorboard in front of Littlefield's seat.
Littlefield was placed under arrest and was subsequently indicted on August 9, 2001, on five counts, including conspiracy to commit aggravated robbery in violation of Revised Code section 2923.01, a second degree felony. On August 27, 2001, Littlefield filed a motion to suppress and a motion to sever his trial from his co-defendants. Co-defendant Curtis later joined these motions. A hearing was held on the motions on October 10, 2001, and continued on October 12, 2001. At the hearing, the motion to sever was voluntarily dismissed by both Littlefield and Curtis. Although the trial was originally scheduled to occur on October 22, 2001, a trial on this matter was not held on that date. Thereafter, the trial court overruled the motion to suppress on November 5, 2001. The following day, Littlefield filed a motion to dismiss based upon a violation of his speedy trial rights.
On November 8, 2001, the State filed a motion requesting that a trial date no later than November 19, 2001, be set or in the alternative for the court to file a judgment entry clarifying its reasons for not commencing the trial until December 13, 2001. On November 21, 2001, the trial court filed a judgment entry, which provided the basis for its decision to postpone the trial until December 13, 2001, and overruled Littlefield's motion to dismiss. The trial commenced on December 13, 2001, and resulted in a finding of guilt on all counts. Littlefield was sentenced on January 7, 2001, to an aggregate term of fifteen years. This appeal followed, and Littlefield now asserts one assignment of error.
"The trial court erred in refusing to dismiss the charges against Appellant when his right to a speedy trial was denied."
A person charged with a felony must be brought to trial within 270 days after his arrest. R.C. 2945.71(C)(2). However, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). Revised Code section 2945.73
states that "a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and2945.72 of the Revised Code." In order for the offense to be discharged on this basis, the defendant must make a motion prior to or at the commencement of the trial. R.C. 2945.73(B).
Once the accused presents a prima facie case of a violation of his speedy trial rights, the State then has the burden "to produce evidence demonstrating [the defendant] was not entitled to be brought to trial within the limits of R.C. 2945.71(E)." State v. Butcher (1986),27 Ohio St.3d 28, 31. This is accomplished by showing that various tolling events listed in R.C. 2945.72 apply. See State v. Caudill (Dec. 2, 1998), Hancock App. No. 05-97-35, 1998 WL 833729 (citing Butcher,supra). However, "these tolling provisions are to be strictly construed against the State." Caudill, supra (citing State v. Singer (1977),50 Ohio St.2d 103, 109). Among these listed reasons are delays necessitated by a motion by the accused, "any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]" R.C. 2945.72(E), (H). Although these events toll speedy trial time, they "do not unconditionally extend the time limit in which an accused must be brought to trial, but, rather, this limit is `merely extended by the time necessary in light of the reason for the delay.'" State v. Arrizola
(1992) 79 Ohio App.3d 72, 75 (quoting Committee Comment to H.B. 511). In addition, when the trial court grants a continuance other than on the accused's own motion, it must file an entry providing the reason(s) for the continuance prior to the expiration of the statutory speedy trial time period. State v. Mincy (1982), 2 Ohio St.3d 6, 8.
Littlefield was incarcerated on July 27, 2001. Applying the triple-time calculation of R.C. 2945.71(E), Littlefield should have been tried no later than October 24, 2001. However, Littlefield was not brought to trial until December 13, 2001, 140 days after he was arrested. Thus, he has presented a prima facie case of a violation of his speedy trial rights. However, Caudill also filed various motions before the expiration of the speedy trial time, which would toll the speedy trial time. The record indicates that at his initial appearance in Municipal Court on July 27, 2001, Littlefield requested that the preliminary hearing set for August 2, 2001, be continued until August 9, 2001. Thus, this request tolled his time by thirteen days, bringing the date of trial to November 6, 2001. See R.C. 2945.72(E).
Littlefield further tolled his speedy trial by filing both a motion to suppress and a motion to sever on August 27, 2001. The State filed its memorandum in opposition to the motion to suppress on September 13, 2001. Co-defendant Curtis later joined Littlefield's motions. A hearing on these motions was held on October 10 and 12, 2001, but the motion to sever was voluntarily dismissed by both defendants. The court rendered its decision on the motion to suppress on November 5, 2001. Conducting a hearing on a motion and rendering a decision thereon require time. However, the delay necessitated by a motion by the accused "is subject to a requirement of reasonableness." Arrizola, 79 Ohio App.3d at 76. Whether the time necessitated by the filing of a motion is reasonable requires a "careful examination of the particular circumstances of the case, [and] [t]he complexity of the facts and the difficulty of the legal issues to be resolved must be considered. A reviewing court must also be cognizant of the time constraints placed on a trial judge's schedule."Id.
Seventy-one days elapsed from the filing of the motion to suppress until the decision was rendered. During this time, the State filed its opposition to the motion, Curtis joined the motion, a two day hearing was held, and the trial court presided over an aggravated murder trial, which lasted for over a week. Given these circumstances, we do not find this length of time to be excessive. Thus, Littlefield's speedy trial time was further extended to January 15, 2002. His trial commenced on December 13, 2001, well within the statutory time period.
Moreover, the trial court granted a continuance of the originally scheduled October 22, 2001 trial date sua sponte. On November 21, 2001, the trial court filed a judgment entry stating its basis for the continuance. In its entry, the trial court stated that it was presiding over an aggravated murder trial that had commenced on October 15, 2001, and was still in progress on October 22, 2001. In addition, the court stated that upon contacting the prosecutor and defense counsel, it learned that December 13, 2001, was the earliest possible date to schedule Littlefield's trial. The court also urged counsel to discuss whether the trial could commence at an earlier date. We find that the grounds stated for the continuance by the trial court were reasonable. Furthermore, although the entry was not filed until one month after the originally scheduled trial date, it was filed within the statutory time period. Thus, the statutory time period was further tolled by this entry. Given the fact that Littlefield's trial commenced on December 13, 2001, and that his speedy trial time was tolled in accordance with R.C. 2945.72 beyond the date of his trial, the assignment of error is overruled.
For these reasons, the judgment of the Common Pleas Court of Marion County, Ohio, is affirmed.
Judgment affirmed.
BRYANT and WALTERS, J.J., concur.