OPINION
{¶ 1} Defendant-appellant Gregory Edwards appeals his conviction and sentence from the Tuscarawas County Court on one count of driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1) and one count of driving without headlights in violation of R.C. 4513.03. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 20, 2001, appellant was arrested and cited for operating a motor vehicle while under the influence of alcohol, with a prohibited breath-alcohol concentration, in violation of R.C. 4511.19(A)(1) and (A)(6), and operating with no headlights in violation of R.C. 4513.03. At his arraignment on September 25, 2001, appellant entered a not guilty plea to the charges and a public defender was appointed to represent him.
 {¶ 3} Thereafter, a Motion to Dismiss/Suppress was filed by appellant on October 19, 2001. Appellant, in his motion, argued that the charges against him should be dismissed since there was no probable cause to arrest appellant and charge him with operating a motor vehicle while under the influence of alcohol since (1) he was not driving the vehicle and (2) the vehicle was inoperable. A hearing on appellant's motion was held before a Magistrate on November 21, 2001. Pursuant to a Magistrate's Decision filed on December 26, 2001, the Magistrate recommended that appellant's motion be overruled, finding that "the State of Ohio had a reasonable articulable suspicion to justify investigation of the car in question and probable cause was demonstrated that the car was operable and the defendant was the operator." Neither party filed objections to the same.
 {¶ 4} Subsequently, on April 29, 2002, appellant filed a Motion to Dismiss on speedy trial grounds. Appellant, in his motion, alleged as follows:
 {¶ 5} "The Defendant was charged on September 20, 2001, with driving under the influence in violation of Revised Code 4511.19
(A-I). The Defendant has not filed a time wavier.
 {¶ 6} "A motion to dismiss was filed October 19, 2001, and came on for hearing November 21, 2001. The Magistrate, by entry, dated, December 26, 2001 overruled the motion. Two hundred and sixteen (216) days have passed since the date of arrest.
 {¶ 7} "Sixty-eight (68) of the two hundred and sixteen days are not chargeable to the state representing the period between filing the above motion and the December 26, 2001 decision.
 {¶ 8} "Therefore, the state is fifty-eight (58) days out of time upon filing this motion."
 {¶ 9} After a memorandum in support of his Motion to Dismiss was filed by appellant on June 19, 2002,[1] appellee, on June 27, 2002, filed a response in opposition to the Motion Dismiss. Appellee, in its response brief, argued that since the trial court had yet to adopt the Magistrate's December 26, 2001, Decision, the Magistrate's Decision was not a final decision and appellant's speedy trial time was tolled.
 {¶ 10} As memorialized in a Judgment Entry filed on July 11, 2002, the trial court approved and adopted the Magistrate's December 26, 2001, decision and ordered that appellant's Motion to Dismiss/Suppress be overruled. Pursuant to a Judgment Entry filed one week later, the trial court overruled appellant's Motion to Dismiss on speedy trial grounds. Thereafter, on July 26, 2002, appellant pled no contest to driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1), a misdemeanor of the first degree, and driving without headlights in violation of R.C. 4513.03, a minor misdemeanor. The remaining charge was dismissed. After finding appellant guilty of the two charges, the trial court, as memorialized in a Judgment Entry filed on July 26, 2002, sentenced appellant.
 {¶ 11} It is from the trial court's July 26, 2002, Judgment Entry that appellant now appeals, raising the following assignment of error:
 {¶ 12} "The court erred, as a matter of law, in overruling appellant's April 29, 2002 motion to dismiss due to denial of defendant's statutory right to a speedy trial under R.C. 2945.71."
 I {¶ 13} Appellant, in his sole assignment of error, argues that the trial court erred in overruling his Motion to Dismiss on speedy trial grounds. We agree.
 {¶ 14} The right to a speedy trial is guaranteed by theSixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. Pursuant to these constitutional mandates, R.C.2945.71 through R.C. 2945.73 prescribe specific time requirements within which the State must bring an accused to trial. State v. Baker (1997),78 Ohio St.3d 108, 110, 1997-Ohio-229, 676 N.E.2d 883. As relevant to the instant action, R.C. 2945.71(B)(2) requires a person, against whom a charge of a first degree misdemeanor is pending, be brought to trial within ninety days after his arrest or service of summons. R.C. 2945.71(D) provides that where, as in the case sub judice, there are mixed classes of misdemeanors, the defendant shall be brought to trial "within the time period required for the highest degree of misdemeanor charged." Since the "highest degree of misdemeanor charged" in this case, driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1), is a first degree misdemeanor, appellant was required to be brought to trial within ninety days of his arrest.
 {¶ 15} However, this 90 day time limit can be tolled, or extended, pursuant to R.C. 2945.72, which states, in relevant part: "The time within which an accused must be brought to trial, * * * may be extended only by the following:
 {¶ 16} "* * * (C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
 {¶ 17} "(D) Any period of delay occasioned by the neglect or improper act of the accused;
 {¶ 18} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
 {¶ 19} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion * * *"
 {¶ 20} Speedy trial statutes are to be strictly construed against the State. State v. Miller (1996), 113 Ohio App.3d 606, 681 N.E.2d 970. In reviewing a speedy trial claim, an appellate court must count days chargeable to either side and determine whether the case was tried within time limits set by statute governing time within which hearing or trial must be held. City of Oregon v. Kohne (1997), 117 Ohio App.3d 179,690 N.E.2d 66.
 {¶ 21} In the case sub judice, from the time of appellant's arrest on September 20, 2001, until appellant filed his Motion to Dismiss/Suppress on October 19, 2002, twenty-nine days had expired which are chargeable to the State. The ninety day limit within which appellant was to be brought to trial was tolled, pursuant to R.C. 2945.72(E), by appellant's filing of his Motion to Dismiss/Suppress. See State v. Walker
(1974), 42 Ohio App.2d 41, 327 N.E.2d 796 and State v. Pierson,149 Ohio App.3d 318, 2002-Ohio-4515, 777 N.E.2d 296, at fn. 5. As is stated above, appellant filed his motion on October 19, 2001, and the Magistrate, pursuant to a decision filed on December 26, 2001, recommended that the same be overruled. However, the trial court did not enter an order adopting the Magistrate's Decision until July 11, 2002, which is two hundred sixty five (265) days after appellant filed his Motion to Dismiss/Suppress and over six months after the Magistrate's Decision.
 {¶ 22} While the trial court, in its July 18, 2002, Judgment Entry overruling appellant's Motion to Dismiss on speedy trial grounds, held that "[p]ursuant to ORC section 2945.72(E), the time from the filing of the Defendant's Motion [to Dismiss/Suppress] through the time of the Court's approval of the Magistrate's Decision is tolled for speedy trial purposes", we do not concur. As noted by the court in State v. Arrizola
(1992), 79 Ohio App.3d 72, 606 N.E.2d 1020, motions filed by an accused in a criminal prosecution toll the speedy trial period only to the extent that the delay is reasonable and necessary for the court to rule on the same. In Arrizola, the trial court took seven months to rule on a Motion to Suppress in an OMVI case. The Court of Appeals, in holding that the delay was unreasonable and that the speedy trial period was deem lapsed, stated, in part, as follows:
 {¶ 23} "In determining the reasonableness of the time in which a trial court must rule on a motion, careful examination of the particular circumstances of the case must be made. The complexity of the facts and the difficulty of the legal issues to be resolved must be considered. A reviewing court must also be cognizant of the time constraints placed on a trial judge's schedule."
 {¶ 24} "Normally we would not regard the time spent by a trial court in determining the issues raised in a defendant's motion to count against the ninety-day limit within which the defendant must be brought to trial. However, in the present case, over seven months elapsed between the time appellant filed his motion to suppress and the date the trial court rendered its decision. Nothing appears on the record which would justify this amount of time. We recognize that not all motions made to a trial court lend themselves to prompt disposition. However, in consideration of the facts of this case and the nature of appellant's motion to suppress, we find this amount of time to be excessive.
 {¶ 25} "M.C.Sup.R. 6[2] directs a trial court to determine a motion within one hundred twenty days from the date the motion was filed. Appellant filed his motion to suppress on September 13, 1990. The court did not render its decision until April 29, 1991, two hundred twenty-eight days after the motion was filed. While the time allowed under this rule is only a guide, it still serves as an indication of what amount of time would be appropriate in the usual case." Id. at 76.
 {¶ 26} Upon our review of the record, we find that the trial court's delay in ruling on appellant's Motion to Dismiss/Suppress was unreasonable and that, therefore, as appellant argues, "this period of unreasonable and unnecessary delay should not toll the running of the speedy trial time."[3] In the case sub judice, 29 days elapsed between the date of appellant's arrest on September 20, 2001, and the date that appellant filed his Motion to Dismiss/Suppress on October 19, 2001. This time is chargeable to the State pursuant to R.C. 2945.71. An additional 190 days passed between the date the Motion to Dismiss/Suppress was filed and the date that appellant, on April 29, 2002, filed his Motion to Dismiss on speedy trial grounds. Pursuant to Sup.R. 40, which is analogous to former M.C.Sup.R. 60, 120 days is a reasonable amount of time within which to rule on appellant's October 19, 2001, motion, leaving a balance of 70 days. Thereafter, in accordance with R.C.2945.71(E), the speedy trial period was tolled from April 29, 2002, the date that appellant filed his Motion to Dismiss on speedy trial grounds, to July 18, 2002, the date that the Judgment Entry overruling the same was filed, for a total of eighty (80) days. Subsequently, appellant pled no contest on July 26, 2002. The eight (8) day period between the July 18, 2002, Judgment Entry and the date of appellant's plea was chargeable to the State. In short, we find that a total of 107 (29 + 70 + 8) days was chargeable to the State, and that, therefore, appellant was not brought to trial within 90 days as required by R.C. 2945.71.[4]
 {¶ 27} Based on the foregoing, appellant's sole assignment of error is sustained.
 {¶ 28} Accordingly, the judgment of the Tuscarawas County Court is reversed and a final judgment of acquittal is entered for appellant.
By Edwards, J., Farmer, P.J. and Boggins, J. concur.
In Re: Speedy Trial.
[1] The trial court, as memoralized in a Judgment Entry filed on May 31, 2002, granted the parties leave until June 26, 2002, to file briefs regarding the issues raised in the Motion to Dismiss.
[2] Former M.C.Sup.R.6, effective July 1, 1997, was superseded by Sup.R. 40, which is analogous to former M.C.Sup.R.6.
[3] We note that the trial court, in its July 18, 2002 Judgment Entry overruling appellant's Motion to Dismiss on speedy trial grounds, explained the reason for the delay as follows: "[N]either the State nor the Defendant contacted the Court as to the oversight. No objections were filed by either side, which would have triggered the Court to act. The Court's failure to act on the Magistrate's Decision could have been called to the Court's attention at anytime."
[4] Appellee, in its brief, cites to State v. Neuhart (June 4, 1997), Guernsey App. No. 96CA32 in support of its argument that appellant's speedy trial rights were not violated. In Neuhart, the appellant filed a Motion to Suppress on October 30, 1995. The Magistrate, in a November 27, 1995, Decision, recommended that the same be overruled. The trial court subsequently, on March 8, 1996, affirmed the Magistrate's Decision. In Neuhart, this Court held that the time from October 30, 1995, the date the motion was filed, through the trial court's March 8, 1996, decision, (131 days) was tolled. In contrast, in the case sub judice, two hundred sixty days (265) days elapsed from the date the Motion to Dismiss/Suppress was filed until the trial court adopted the Magistrate's Decision recommending that the same be overruled. And even though one hundred ninety days (190) days of that time accrued after appellant filed his Motion to Suppress and prior to appellant filing his Motion to Dismiss for lack of speedy trial, we find that the one hundred ninety days (190) under the circumstances of this case was an unreasonable length of time to have the motion to suppress pending before the court. Therefore, a portion of that time should be charged to the State.