The STATE of Ohio, Appellee,

v.

MULLINS, Appellant.

[Cite as *State v. Mullins,* 152 Ohio App.3d 83, 2003-Ohio-477.]

Court of Appeals of Ohio,
Third District, Henry County.

No. 7–02–08.

Decided Feb. 3, 2003.

John H. Hanna, Henry County Prosecuting Attorney, for appellee.

Christopher D. Delfavero, for appellant.

WALTERS, Judge.

{¶ 1}  Although this case was originally placed on our accelerated calendar, we have elected, pursuant to Loc.R. 12(5), to issue a full opinion in lieu of a judgment entry.

{¶ 2}  Defendant-appellant, Mack A. Mullins ("appellant"), appeals from his conviction and sentence by the Henry County Common Pleas Court for two counts of third-degree gross sexual imposition, violations of R.C. 2907.05(A)(4). On appeal, appellant contends that his right to a speedy trial was violated and that the trial court erred in failing to grant his motion to dismiss in relation

thereto. Because the record fails to justify a 635–day delay in ruling on appellant's motion to suppress, we find that his right to a speedy trial was violated. Accordingly, we must reverse the judgment of the trial court.

{¶ 3} Facts and procedural posture pertinent to the issues raised on appeal are as follows. On December 8, 1999, appellant was indicted on two counts of gross sexual imposition for actions involving a child under the age of 13, felonies of the third degree. After his initial appearance before the trial court, appellant was released on his own recognizance. Thereafter, appellant waived the reading of the indictment and entered not guilty pleas to both charges.

{¶ 4} On March 23, 2000, appellant moved to suppress a confession made to police, claiming that it was not voluntarily given and was illegally obtained in light of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. The state then moved to continue the scheduled May 22, 2000 suppression hearing, which motion was granted by the trial court. After a June 2, 2000 hearing on the matter, the trial court granted appellant's motion to suppress, nearly two years later, on March 20, 2002.

{¶ 5} Thereafter, on May 16, 2002, appellant moved to dismiss the charges brought against him, maintaining that his rights to a speedy trial pursuant to R.C. 2945.71 and Section 10, Article I of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution were violated. The trial court summarily denied appellant's motion to dismiss on May 23, 2002.

{¶ 6} Subsequently, appellant withdrew his previous not-guilty pleas and entered pleas of no contest to both charges. Following a June 26, 2002 hearing, the trial court found appellant guilty on both counts of gross sexual imposition and sentenced him to a period of incarceration not less than three years nor more than ten years on both counts to be served concurrently. From this decision, appellant appeals, asserting a single assignment of error for our consideration.

{¶ 7} "Assignment of Error I

{¶ 8} "The trial court committed prejudicial error and abused its discretion in finding that appellant's right to a speedy trial was not violated and overruling appellant's motion to dismiss."

{¶ 9} In his sole assignment of error, appellant contends that his speedy trial rights were violated by a period of unnecessary delay following the filing of his motion to suppress. A criminal defendant's fundamental right to a speedy trial is guaranteed by the Sixth Amendment and Fourteenth Amendment to the United States Constitution, and by Section 10, Article I of the Ohio Constitution.[1] The United States Supreme Court declined to establish the exact number of days

---

1. *State v. MacDonald* (1976), 48 Ohio St.2d 66, 68, 2 O.O.3d 219, 357 N.E.2d 40.

within which a trial must be held, leaving to the states to prescribe reasonable periods consistent with constitutional standards.[2]   Accordingly, R.C. 2945.71 mandates that a person against whom a felony charge is pending must be brought to trial within 270 days after the date of his arrest.[3]

{¶ 10}   Notwithstanding, pursuant to R.C. 2945.72, speedy trial time may be extended under certain limited circumstances.   R.C. 2945.72(E) provides for a tolling period necessitated by a motion made by an accused.   Accordingly, appellant's motion to suppress herein extended the 270–day time limit within which the state was required to bring him to trial.   However, this court held in *State v. Arrizola* that filing a motion to suppress does not extend the time for trial indefinitely.[4]   Rather, the time is merely extended for a period that is necessary in light of the reason for the delay.[5]   Thus, a court's discretion concerning the amount of time necessary to rule on a defense motion is not limitless.[6]   "A strict adherence to the spirit of the speedy trial statutes requires a trial judge, in the sound exercise of his judicial discretion, to rule on these motions in as expeditious a manner as possible."[7]

{¶ 11}   When considering the reasonableness of time taken by a trial court to rule on a defense motion, we must take into account the particular circumstances of the case, including the factual and legal complexities involved and the time constraints of the particular trial judge's schedule.[8]   In this case, appellant's suppression motion was filed on March 23, 2000, and the trial court did not rule on the motion until March 20, 2002, a nearly two-year delay.   As noted, a hearing was held on the motion, and briefs were filed by the parties in relation thereto.   The state argues that there is only one common pleas court judge in Henry County and that the legal and factual issues surrounding the motion were particularly complex;   however, we find nothing in the record to support a finding that any of these circumstances caused this inordinately long delay.

{¶ 12}   A total of 832 days elapsed between appellant's arraignment and the filing of his motion to dismiss.   Of those days, 635 were apparently devoted to

**2.**   *Barker v. Wingo* (1972), 407 U.S. 514, 523, 92 S.Ct. 2182, 33 L.Ed.2d 101.

**3.**   R.C. 2945.71(C)(2).

**4.**   *State v. Arrizola* (1992), 79 Ohio App.3d 72, 76, 606 N.E.2d 1020.

**5.**   Id. at 75, 606 N.E.2d 1020, citing Committee Comment to 1972 H.B. No. 511.

**6.**   *State v. Martin* (1978), 56 Ohio St.2d 289, 297, 10 O.O.3d 415, 384 N.E.2d 239.

**7.**   *Arrizola,* 79 Ohio App.3d at 75, 606 N.E.2d 1020, quoting *Martin,* 56 Ohio St.2d at 297, 10 O.O.3d 415, 384 N.E.2d 239.

**8.**   Id. at 76, 606 N.E.2d 1020.

ruling on appellant's suppression motion. The trial court failed to journalize an explanation for the delay. Accordingly, we find that the trial court's delay in considering appellant's motion violated his right to a speedy trial.[9] Moreover, the trial court erred by failing to grant appellant's motion to dismiss, as required by R.C. 2945.73(B), which states: "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time period required by sections 2945.71 and 2945.72 of the Revised Code."

{¶ 13} Consequently, appellant's assignment of error is hereby sustained.

{¶ 14} Having found error prejudicial to appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand the cause for further proceedings in accordance with this opinion.

Judgment reversed<br>and cause remanded.

THOMAS F. BRYANT, P.J., and SHAW, J., concur.

---

9. We recently addressed this issue and reached the same conclusion in another accelerated appeal from the Henry County Common Pleas Court. *State v. Honemann* (Apr. 2, 2002), Henry App. No. 7–01–15.