[Cite as *State v. Zahn*, 2021-Ohio-267.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,             CASE NO.  13-20-08

      v.

TABITHA P. ZAHN,                  O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 19 CR 0091

Judgment Affirmed

Date of Decision:  February 1, 2021

APPEARANCES:

    *John M. Kahler, II* for Appellant

    *Angela M. Boes* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Tabitha P. Zahn ("Zahn"), appeals the March 26, 2020 judgment of sentence of the Seneca County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} This case arises from several alleged sexual encounters in May 2017 and February 2018 between Zahn and a minor child.

{¶3} On May 9, 2019, the Seneca County Grand Jury indicted Zahn on seven counts: Counts One, Two, and Three of sexual battery in violation of R.C. 2907.03(A)(1), (B), third-degree felonies; Counts Four through Six of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), (B)(1), fourth-degree felonies; and Count Seven of sexual battery in violation of R.C. 2907.03(A)(7), (B), a third-degree felony. (Doc. Nos. 1, 5, 6). On June 19, 2019, Zahn appeared for arraignment and pleaded not guilty to the counts in the indictment. (Doc. No. 16).

{¶4} On June 28, 2019, Zahn filed a motion to suppress evidence. (Doc. No. 20). Specifically, Zahn sought the suppression of any and all evidence obtained by Detective Sergeant Kevin Reinbolt ("Detective Sergeant Reinbolt") during the course of his investigation, including Zahn's admission that she engaged in sexual conduct with the minor victim. (*Id.*). On August 12, 2019, the State filed its memorandum in opposition to Zahn's motion to suppress evidence. (Doc. No. 24). That same day, a hearing was held on Zahn's motion to suppress evidence. (Doc.

No. 26). On February 14, 2020, the trial court denied Zahn's motion to suppress evidence. (*Id.*).

{¶5} On March 11, 2020, Zahn filed a motion to dismiss the indictment for a violation of her right to a speedy trial. (Doc. No. 28). In her motion, Zahn argued that the 186 days that elapsed between the hearing on her motion to suppress evidence and the trial court's decision on that motion was unreasonable and constituted a violation of her right to a speedy trial. (*Id.*). On March 19, 2020, the State filed its opposition to Zahn's motion to dismiss the indictment. (Doc. No. 37). That same day, a hearing was held on the motion. (Doc. No. 39). At the conclusion of the hearing, the trial court denied the motion. (*Id.*); (Mar. 19, 2020 Tr. at 16-17).

{¶6} Pursuant to a negotiated plea agreement, on March 25, 2020, Zahn pleaded no contest to Counts Four, Five, and Six of the indictment. (Doc. Nos. 42, 44). In exchange, the State agreed to recommend dismissal of Counts One, Two, Three, and Seven of the indictment. (Doc. Nos. 40, 42, 43, 44). The trial court accepted Zahn's no contest pleas and found her guilty. (Doc. No. 44). (*See* Doc. No. 42). In addition, the trial court dismissed Counts One, Two, Three, and Seven of the indictment. (Doc. No. 43). (*See* Doc. No. 44).

{¶7} That same day, the trial court sentenced Zahn to 17 months in prison as to Count Four, 17 months in prison as to Count Five, and 17 months in prison as to Count Six. (Doc. No. 45). The trial court further ordered for the sentences to be

served consecutively to each other for an aggregate term of 51 months' imprisonment. (*Id.*). The trial court filed its judgment entry of sentence on March 26, 2020. (*Id.*).

{¶8} On April 21, 2020, Zahn filed a notice of appeal. (Doc. No. 49). She raises one assignment of error for our review.

### Assignment of Error

**The trial court erred in overruling Appellant's motion to discharge for delay in right to speed [sic] trial.**

{¶9} In her assignment of error, Zahn argues that the trial court erred by denying her motion to dismiss the indictment for a violation of her right to a speedy trial. Specifically, Zahn argues that even providing for a reasonable delay for the trial court to consider her motion to suppress evidence, the trial court violated her right to a speedy trial and should have granted her motion to dismiss the indictment for a violation of her right to a speedy trial.

{¶10} "'A speedy trial claim involves a mixed question of law and fact for purposes of appellate review.'" *State v. Gartrell*, 3d Dist. Marion No. 9-14-02, 2014-Ohio-5203, ¶ 104, quoting *State v. Hansen*, 3d Dist. Seneca No. 13-12-42, 2013-Ohio-1735, ¶ 20, citing *State v. Masters*, 172 Ohio App.3d 666, 2007-Ohio-4229, ¶ 11 (3d Dist.). "'Accordingly, a reviewing court must give due deference to the trial court's findings of fact if they are supported by competent, credible

evidence but will independently review whether the trial court correctly applied the law to the facts of the case.'" *Id.*, quoting *Hansen* at ¶ 20, citing *Masters* at ¶ 11.

{¶11} "'An accused is guaranteed the constitutional right to a speedy trial pursuant to the Sixth and Fourteenth Amendments of the United States Constitution and Ohio Constitution, Article I, Section 10.'" *State v. Dahms*, 3d Dist. Seneca No. 13-16-16, 2017-Ohio-4221, ¶ 102, quoting *State v. Ferguson*, 10th Dist. Franklin No. 16AP-307, 2016-Ohio-8537, ¶ 12, citing *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, ¶ 32. "In Ohio, the right to a speedy trial is implemented by statutes that impose a duty on the state to bring the defendant to trial within a specified time." *State v. Melampy*, 12th Dist. Brown No. CA2007-04-008, 2008-Ohio-5838, ¶ 9, citing *Cleveland v. Sheldon*, 8th Dist. Cuyahoga No. 82319, 2003-Ohio-6331, ¶ 16.

{¶12} Ohio's "general" speedy-trial statutes are contained in R.C. 2945.71 et seq. "R.C. 2945.71 provides the timeframe for a defendant's right to a speedy trial based on the level of the offense." *State v. Matland*, 7th Dist. Mahoning No. 09-MA-115, 2010-Ohio-6585, ¶ 19. Here, Zahn was charged with violations of R.C. 2907.03(A)(1), (B), 2907.03(A)(7), (B), and 2907.04(A), (B)(1), which are third-degree and fourth-degree felonies. R.C. 2945.71 provides that "[a] person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest." R.C. 2945.71(C)(2). This 270-

day period may be extended for one or more of the reasons listed in R.C. 2945.72(A)-(I). Absent any such extension, failure to bring a defendant to trial within the 270-day period subjects the case to dismissal upon motion of the defendant. R.C. 2945.73(B). "When an accused is discharged pursuant to [R.C. 2945.73(B)] * * *, such discharge is a bar to any further criminal proceedings against [the defendant] based on the same conduct." R.C. 2945.73(D). "The provisions of R.C. 2945.71 et seq. * * * are mandatory and must be strictly complied with by the trial court." *State v. Smith*, 140 Ohio App.3d 81, 86 (3d Dist.2000), citing *State v. Cloud*, 122 Ohio App.3d 626 (2d Dist.1997) and *State v. Pudlock*, 44 Ohio St.2d 104 (1975).

{¶13} "R.C. 2945.72 allows for an extension of the time that the accused must be brought to trial under certain circumstances." *State v. Taylor*, 3d Dist. Allen No. 1-13-46, 2014-Ohio-1793, ¶ 29. Excluded from the speedy-trial calculation is "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused." R.C. 2945.72(E). Also excluded from the speedy-trial calculation is "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(H). "As long as the trial court's disposition occurs within a reasonable time, a defendant's motion to suppress tolls the speedy trial clock from the time the defendant files the motion

until the trial court disposes of the motion." *State v. Curtis*, 3d Dist. Marion No. 9-02-11, 2002-Ohio-5409, ¶ 12, citing *State v. Arrizola*, 79 Ohio App.3d 72, 76 (3d Dist.1992). Accordingly, the 270-day limit within which the state had to bring Zahn to trial was extended pursuant to R.C. 2945.72(E) by reason of Zahn filing a motion to suppress evidence. However, this court has held that filing a motion to suppress does not extend the time for trial indefinitely. *Arrizola* at 76. Rather, the speedy-trial time limit "is 'merely extended by the time necessary in light of the reason for delay.'" *Arrizola* at 75, quoting Committee Comment to H.B.511. *See also State v. Johnson*, 3d Dist. Marion No. 9-10-47, 2011-Ohio-994, ¶ 22.

{¶14} Zahn argues that the 186 days that the trial court took to decide her motion to suppress was unreasonable and amounted to a violation of her statutory right to a speedy trial. In support of her contention that the trial court took an unreasonable amount of time to decide her motion to suppress, thereby violating her statutory right to a speedy trial, Zahn relies principally on this court's decision in *State v. Arrizola*.

{¶15} In *Arrizola*, the defendant was charged with two first-degree misdemeanors—driving under the influence of alcohol and driving with an expired license. *Id.* at 73-74. On September 13, 1990, Arrizola filed a motion to suppress evidence. *Id.* at 74. On October 19, 1990, the trial court held a hearing on Arrizola's motion to suppress. *Id.* On November 2, 1990, the parties filed briefs with the trial

court relating to the motion to suppress. *Id.* On April 29, 1991, 228 days after Arrizola's motion to suppress was filed, the trial court issued its decision denying Arrizola's motion to suppress. *Id.* Arrizola filed a motion to dismiss the pending charges alleging that the trial court violated his right to a speedy trial. *Id.* In reversing the trial court's judgment overruling Arrizola's motion to dismiss, we held that the trial court failed to render a decision on Arrizola's motion to suppress evidence in a reasonable time, thereby violating his right to a speedy trial. *Id.* at 76.

{¶16} Zahn uses our decision in *Arrizola* to advance her position that the trial court took an unreasonable amount of time to issue a decision on her motion to suppress evidence. Specifically, Zahn argues that the trial court took a longer time to decide her motion to suppress evidence than the trial court in *Arrizola* took to issue a decision. Therefore, Zahn reasons, the trial court in her case took an unreasonable amount of time to issue a decision on her motion to suppress and violated her right to a speedy trial. For the reasons that follow, we disagree.

{¶17} First, *Arrizola* did not create a bright line rule with respect to what constitutes a reasonable amount of time to issue a decision on a motion. Rather, we held that "[i]n determining the reasonableness of the time in which a trial court must rule on a motion, careful examination of the particular circumstances of the case must be made." *Arrizola*, 79 Ohio App.3d at 76. Further, "[t]he complexity of the facts and the difficulty of the legal issues to be resolved must be considered." *Id.*

"A reviewing court must also be cognizant of the time constraints placed on a trial judge's schedule." *Id.*

{¶18} Accordingly, rather than simply comparing the number of days the trial court took to reach its decision in both cases, as Zahn invites us to do, we must carefully examine the particular circumstances of the case. Zahn filed her motion to suppress on June 28, 2019, and a hearing was held on August 12, 2019. The trial court filed its judgment entry denying Zahn's motion to suppress on February 14, 2020, which was 231 days after Zahn's motion to suppress was filed and 186 days following the hearing on the motion to suppress.

{¶19} Here, Zahn was charged with seven felony charges—four third-degree felonies and three fourth-degree felonies—all alleging sexual conduct with a minor. Further, if found guilty of the offenses charged in the indictment, Zahn faced a possible maximum prison term of 24.5 years in prison and a mandatory sex offender registration for 25 years to life. As the trial court stated, because of the stakes involved for the parties, the trial court required additional time to consider Zahn's motion to suppress. (Doc. No. 39). In contrast, the defendant in *Arrizola* was charged with first-degree misdemeanors. We note that the Rules of Superintendence for the Courts of Ohio and the statutory speedy trial provisions both suggest that it is reasonable for more time to elapse between arrest and trial in felony cases than in misdemeanor cases. *See* Sup.R. 39(B)(1) ("In common pleas

court, all criminal cases shall be tried within six months of the date of arraignment on an indictment or information. In municipal and county court, all criminal cases shall be tried within the time provided in Chapter 2945. of the Revised Code."); R.C. 2945.71 (providing that a person charged with a felony shall be brought to trial within 270 days after arrest and a person charged with a misdemeanor should be brought to trial within 30 to 90 days after arrest or service of summons depending on the level of misdemeanor charged).

{¶20} Further, at the hearing on the motion to suppress, the trial court heard testimony from two witnesses offering competing versions of events. In addition, State's Exhibit 1, which consisted of a lengthy recorded audio interview of Zahn and several telephone calls made between Zahn and Detective Sergeant Reinbolt, was admitted into evidence. (*See* State's Ex. 1). The audio recordings in State's Exhibit 1 were nearly two hours long, and one of the audio files, which totaled approximately 80 minutes, was difficult to understand. (*See* Doc. No. 39). As the trial court noted, the 80-minute audio file "was of very poor quality" and "needed to be heard and reviewed more than once." (Doc. No. 39). (*See* State's Ex. 1).

{¶21} In its judgment entry denying Zahn's motion to dismiss the charges, the trial court disclosed some details regarding its schedule during the time period between the hearing on Zahn's motion to suppress and its decision on Zahn's motion to suppress. (Doc. No. 39). The trial court noted that it is involved in a specialized,

multi-jurisdictional drug-recovery court which totaled 27 full days in the trial court's schedule, including a weekly full-day hearing. (*Id.*). Additionally, the trial court presided over a two-day jury trial and was involved in seminars, conferences, and trainings for 10 days. (*Id.*). Court holidays, illness of the judge, and vacation time comprised another 28 days. (*Id.*). Further, the trial court was not open during an additional 50 days, including weekends. (*Id.*).

{¶22} In support of her contention that the trial court took an unreasonable amount of time to decide her motion to suppress, Zahn referenced a motion to suppress in another case that was filed in the trial court on August 13, 2019, the day after the hearing on her motion to suppress. That motion was decided on September 3, 2019, only 21 days later. (Appellant's Brief at 10-11). Although Zahn references this case to further her contention that the trial court took an unreasonable amount of time to issue a decision on her motion to suppress evidence, we note that this example can also be used to demonstrate that the trial court typically issues decisions on motions to suppress evidence in a timely manner, and the fact that the trial court took considerably more time to decide Zahn's motion to suppress evidence highlights the complexity of the issues presented in her motion to suppress evidence.

{¶23} Accordingly, after carefully considering the particular circumstances of the case, the complexity of the facts and difficulty of the legal issues to be

resolved, and the time constraints placed on the trial court's schedule, we find that the trial court decided Zahn's motion to suppress evidence in a reasonable amount of time. *See Arrizola*, 79 Ohio App.3d at 76; *State v. Driver*, 7th Dist. Mahoning No. 03 MA 210, 2006-Ohio-494, ¶ 36 (holding that a 204-day delay between the time Driver's motion to suppress was heard and the trial court's ruling on the motion was reasonable). Thus, Zahn's speedy-trial rights were not violated and the trial court did not err by denying Zahn's motion to discharge her case.

{¶24} Accordingly, Zahn's assignment of error is overruled.

{¶25} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**