OPINION
{¶ 1} Defendant-appellant Aundray Fields appeals his conviction and sentence from the Cambridge Municipal Court on one count of disorderly conduct. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 29, 2004, appellant was cited for drug abuse in violation of Cambridge City Code Section 138.03(A), a minor misdemeanor, in Case No. 04CRB00352B. On the same date, appellant was arrested on a warrant in Case No. 04CRB00338, which charged him with criminal damaging in violation of R.C. 2906.06(A)(1), a second degree misdemeanor.
 {¶ 3} The next day, on March 1, 2004, a complaint was filed in the Cambridge Municipal Court alleging that appellant had committed the offense of obstructing official business in violation of R.C. 2921.31(A), a misdemeanor of the second degree. The case was assigned number 04CRB00352A. At his arraignment on March 9, 2004, appellant entered a plea of not guilty and a trial was scheduled on all of the cases for April 16, 2004.
 {¶ 4} As memorialized in a Journal Entry filed on April 12, 2004, the trial was scheduled for May 12, 2004, so that new counsel could be appointed for appellant.[1] The entry specifically stated that appellant's speedy trial time was tolled "on the basis of the Defendant's right to counsel."
 {¶ 5} Thereafter, on April 28, 2004, appellant filed a Motion to Suppress evidence. Pursuant to a Journal Entry filed on May 4, 2004, a hearing on the motion was scheduled for May 26, 2004, and the trial was rescheduled to June 25, 2004. At the conclusion of the suppression hearing on May 26, 2004, the trial court orally denied the motion and stated that "I will put the findings of fact and conclusions of law in writing, in some detail." Transcript of May 26, 2004, hearing at 44. However, the trial court's Journal Entry denying appellant's Motion to Suppress was not filed until January 27, 2005.
 {¶ 6} As memorialized in an order dated January 28, 2005, the trial was rescheduled to March 10, 2005.
 {¶ 7} On March 4, 2005, appellant filed a Motion to Dismiss, arguing that his speedy trial rights had been violated since "[o]ver a year has elapsed since defendant's arrest and defendant has not been brought to trial." The trial court denied appellant's motion via a Journal Entry filed on March 8, 2005, in case numbers 04CRB00338 and 04CRB00352.
 {¶ 8} After defense counsel filed a motion for a continuance, the jury trial was continued to April 1, 2005.
 {¶ 9} On April 1, 2005, the State amended the charge of obstructing official business to a charge of disorderly conduct and appellant pled no contest to the same. The remaining charges were dismissed. Appellant was sentenced to 30 days in jail, with all 30 days suspended, and placed on unsupervised probation for a period of twelve months. In addition, appellant was fined $250.00 and ordered to pay court costs.
 {¶ 10} Appellant now raises the following assignments of error on appeal:
 {¶ 11} "THE TRIAL COURT ERRED BY DENYING THE MOTION TO SUPPRESS.
 {¶ 12} "THE COURT ERRED, AS A MATTER OF LAW, IN OVERRULING APPELLANT'S MARCH 4, 2005, MOTION TO DISMISS DUE TO DENIAL OF DEFENDANT'S STATUTORY RIGHT TO A SPEEDY TRIAL UNDER R.C. 2945.71."
 {¶ 13} For purposes of judicial economy, we shall address appellant's assignments of error out of sequence.
 II {¶ 14} Appellant, in his second assignment of error, argues that the trial court erred in denying his Motion to Dismiss on speedy trial grounds. We agree.
 {¶ 15} The right to a speedy trial is guaranteed by theSixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. Pursuant to these constitutional mandates, R.C. 2945.71 through R.C. 2945.73
prescribe specific time requirements within which the State must bring an accused to trial. State v. Baker, 78 Ohio St.3d 108,110, 1997-Ohio-229, 676 N.E.2d 883. As relevant to the instant action, R.C. 2945.71(B)(2) requires a person, against whom a charge of a second degree misdemeanor is pending, be brought to trial within ninety days after his arrest or service of summons. R.C. 2945.71(D) provides that where, as in the case sub judice, there are mixed classes of misdemeanors, the defendant shall be brought to trial "within the time period required for the highest degree of misdemeanor charged." Since the "highest degree of misdemeanor charged" in this case is a second degree misdemeanor, appellant was required to be brought to trial within ninety days of his arrest.
 {¶ 16} However, this 90 day time limit can be tolled, or extended, pursuant to R.C. 2945.72, which states, in relevant part:
 {¶ 17} "The time within which an accused must be brought to trial, . . . may be extended only by the following:
 {¶ 18} ". . . (C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
 {¶ 19} "(D) Any period of delay occasioned by the neglect or improper act of the accused;
 {¶ 20} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
 {¶ 21} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion . . ."
 {¶ 22} Speedy trial statutes are to be strictly construed against the State. State v. Miller (1996), 113 Ohio App.3d 606,681 N.E.2d 970. In reviewing a speedy trial claim, an appellate court must count days chargeable to either side and determine whether the case was tried within time limits set by statute governing time within which hearing or trial must be held. Cityof Oregon v. Kohne (1997), 117 Ohio App.3d 179, 690 N.E.2d 66.
 {¶ 23} As is stated above, appellant filed his Motion to Suppress on April 28, 2004. The ninety day limit within which appellant was to be brought to trial was tolled, pursuant to R.C.2945.72(E), by appellant's filing of his Motion to Suppress. SeeState v. Walker (1974), 42 Ohio App.2d 41, 327 N.E.2d 796. The trial court, at the hearing on May 26, 2004, orally indicated on the record that it was denying the same. However, the trial court did not enter an order denying appellant's Motion to Suppress until January 27, 2005, which is 275 days after appellant filed his Motion to Suppress.
 {¶ 24} As noted by the court in State v. Arrizola (1992),79 Ohio App.3d 72, 606 N.E.2d 1020, motions filed by an accused in a criminal prosecution toll the speedy trial period only to the extent that the delay is reasonable and necessary for the court to rule on the same. In Arrizola, the trial court took over seven months to rule on a Motion to Suppress in an OMVI case. The Court of Appeals, in holding that the delay was unreasonable and that the speedy trial period was deem lapsed, stated, in part, as follows:
 {¶ 25} "In determining the reasonableness of the time in which a trial court must rule on a motion, careful examination of the particular circumstances of the case must be made. The complexity of the facts and the difficulty of the legal issues to be resolved must be considered. A reviewing court must also be cognizant of the time constraints placed on a trial judge's schedule."
 {¶ 26} "Normally we would not regard the time spent by a trial court in determining the issues raised in a defendant's motion to count against the ninety-day limit within which the defendant must be brought to trial. However, in the present case, over seven months elapsed between the time appellant filed his motion to suppress and the date the trial court rendered its decision. Nothing appears on the record which would justify this amount of time. We recognize that not all motions made to a trial court lend themselves to prompt disposition. However, in consideration of the facts of this case and the nature of appellant's motion to suppress, we find this amount of time to be excessive.
 {¶ 27} "M.C.Sup.R. 6[2] directs a trial court to determine a motion within one hundred twenty days from the date the motion was filed. Appellant filed his motion to suppress on September 13, 1990. The court did not render its decision until April 29, 1991, two hundred twenty-eight days after the motion was filed. While the time allowed under this rule is only a guide, it still serves as an indication of what amount of time would be appropriate in the usual case." Id. at 76,606 N.E.2d 1020.
 {¶ 28} Upon our review of the record, we find that the trial court's delay in ruling on appellant's Motion to Suppress was unreasonable and that, therefore, appellant's speedy trial rights were violated. In the case sub judice, three hundred and eleven (311) days passed between the date the Motion to Suppress was filed on April 28, 2004, and the date that appellant, on March 4, 2005, filed his Motion to Dismiss on speedy trial grounds. Pursuant to Sup.R. 40, which is analogous to former M.C.Sup.R. 6, 120 days is a reasonable amount of time within which to rule on appellant's April 28, 2004, Motion to Suppress, leaving a balance of one hundred ninety (191) days. Therefore, appellant clearly was not brought to trial within ninety (90) days as required by R.C. 2945.71. See State v. Edwards, Tusc. App. No. 2002 AP 08 0065, 2003-Ohio-334.
 {¶ 29} Based on the foregoing, we find that the trial court erred in not granting appellant's motion to dismiss on speedy trial grounds.
 {¶ 30} Appellant's second assignment of error is, therefore, sustained.
 I {¶ 31} Appellant, in his first assignment of error, argues that the trial court erred in denying his Motion to Suppress.
 {¶ 32} Based on our disposition of appellant's second assignment of error, appellant's first assignment of error is moot.
 {¶ 33} Accordingly, the judgment of the Cambridge Municipal Court is reversed and a final judgment of acquittal is entered for appellant.
Edwards, J. Boggins and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Cambridge Municipal Court is reversed and a final judgment of acquittal is entered for appellant. Costs assessed to appellee.
[1] Appellant's appointed counsel had filed a motion for leave to withdraw due to differences of opinion between himself and appellant.
[2] Former M.C. Sup. R. 6, effective July 1, 1997, was superseded by Sup. R. 40, which is analogous to former M.C. Sup. R. 6.