DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Highland County Common Pleas Court judgment of conviction and sentence. Todd Baucom, defendant below and appellant herein, was found guilty of the illegal manufacture of drugs and the illegal assembly or possession of chemicals for manufacture of drugs.
 {¶ 2} Appellant assigns the following errors for review:
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN OVERRULING HIS MOTION TO *Page 2 
DISMISS IN WHICH HE ALLEGED THAT THE STATE HAD FAILED TO BRING HIM TO TRIAL WITHIN THE TIME LIMITS SET FORTH IN [R.C.] 2945.71 ET. SEQ."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN ADMITTING, OVER OBJECTION, EVIDENCE OF A THEORETICAL YIELD CALCULATION WHICH WAS IRRELEVANT, PREJUDICIAL, WITHOUT PROPER FOUNDATION, AND WHICH HAD NOT BEEN PROVIDED IN DISCOVERY PRIOR TO TRIAL. THE TRIAL COURT'S RULING WAS AN ABUSE OF DISCRETION DENYING THE DEFENDANT DUE PROCESS OF LAW."
 THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN DENYING THE DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL WITH RESPECT TO BOTH COUNTS MADE ON THE BASIS THAT THE EVIDENCE WAS LEGALLY INSUFFICIENT TO SUPPORT A FINDING OF PROPER VENUE. THE COURT'S RULING DENIED TO THE DEFENDANT THE RIGHT SECURED TO HIM UNDER SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION TO HAVE HIS CASE TRIED BEFORE A JURY IN THE COUNTY IN WHICH THE OFFENSE IS ALLEGED TO HAVE BEEN COMMITTED."
 FOURTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN DENYING THE DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL WITH RESPECT TO COUNT THREE OF THE INDICTMENT, A CHARGE OF MANUFACTURING IN VIOLATION OF 2925.04 O.R.C., THE EVIDENCE BEING INSUFFICIENT AS A MATTER OF LAW TO SUPPORT CONVICTIONS."
 FIFTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT ON BOTH THE OFFENSES OF ASSEMBLY WITH INTENT TO MANUFACTURE IN VIOLATION OF [R.C.] 2925.041 AND MANUFACTURING IN VIOLATION OF [R.C.] 2925.04. SUCH SENTENCES WERE ORDERED IN VIOLATION OF THE STATUTORY *Page 3 
PROHIBITION AGAINST MULTIPLE SENTENCES FOR CRIMES OF SIMILAR IMPORT SET FORTH IN [R.C.] 2941.25(A) AND THE CONSTITUTIONAL PROHIBITION AGAINST DOUBLE JEOPARDY SET FORTH IN ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION AND THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
 SIXTH ASSIGNMENT OF ERROR:
 "THE APPELLANT WAS DEPRIVED OF HIS RIGHT TO A GRAND JURY INDICTMENT AND TO DUE PROCESS OF LAW PURSUANT TO ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION FOR THE REASON THAT THE INDICTMENT AT COUNT FOUR FAILED TO INCLUDE ALL THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED. THE INDICTMENT WAS NEVER AMENDED AND THE JURY WAS GIVEN AN INSTRUCTION THAT WAS AMBIGUOUS WITH RESPECT TO THE ESSENTIAL ELEMENTS OF THE OFFENSE."
 SEVENTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT [ERRED] IN IMPOSING MAXIMUM CONSECUTIVE SENTENCES UPON DEFENDANT [AND] PUNISHED HIM FOR ASSERTING HIS RIGHT TO A JURY TRIAL."
 {¶ 3} On November 18, 2004, Hillsboro Police Officer Todd Whited was flying air patrol in the Adams, Highland and Brown County area. Highland County Sheriff's Department Detective Daniel Croy asked Officer Whited to locate a blue Mitsubishi driving in the area. Officer Whited eventually found the car and followed it from the air as it drove in and out of the three counties.
 {¶ 4} The vehicle eventually turned onto State Route 136 and drove north toward Highland County. From the air, Officer Whited observed the car go into a turn and the dip in the roadway. When *Page 4 
the vehicle drove out of the curve and dip in the road, Officer Whited observed a dark camouflage (hunting) bag sitting in the middle of the road. Shortly thereafter, a white van stopped and the driver exited, picked-up the bag and drove off. Subsequently, authorities stopped the Mitsubishi and the van in Highland County. The bag contained paraphernalia and ingredients for the manufacture of methamphetamine. The driver of the blue Mitsubishi (appellant) was then arrested.[1]
 {¶ 5} On December 7, 2004, the Highland County Grand Jury returned an indictment charging appellant with aggravated possession of methamphetamine, possession of criminal tools, illegal manufacture of drugs, and the illegal possession of chemicals for the manufacture of drugs.[2] Appellant pled not guilty to charges.
 {¶ 6} On March 7, 2005, appellant moved to suppress all evidence in the case. Over a year later, a visiting judge rendered a decision and granted the motion as to counts one and two of the indictment.[3] The remaining counts came on for jury *Page 5 
trial on August 24, 2006. Before the commencement of the trial, however, appellant requested that the charges be dismissed based upon statutory speedy trial violation. The court overruled the motion.
 {¶ 7} At trial, the evidence was uncontroverted that appellant's vehicle was stopped in Highland County. Although no one witnessed appellant throw the bag from his car, Officer Whited testified that he had excellent visibility from the plane and that he saw nothing on State Route 136 before appellant drove through the area, but observed the bag on the ground once appellant passed that particular section of the highway. The evidence was also uncontroverted that no controlled substances were found in the bag. Rather, Gregory Kiddon of the Ohio Bureau of Criminal Investigation and Chuck Middleton of the Highland County Sheriff's Office both testified that the materials found in the bag could be used to manufacture methamphetamine.
 {¶ 8} After hearing the evidence and counsels' arguments, the jury returned guilty verdicts on counts three and four of the indictment. This appeal followed.[4]
 I {¶ 9} Appellant asserts in his first assignment of error that the trial court should have dismissed the case for a speedy trial *Page 6 
violation. We agree.
 {¶ 10} R.C. 2945.71(C)(2) requires that a person against whom a felony charge is pending must be brought to trial within two hundred and seventy (270) days of arrest. Accordingly, each day that person spends in jail, solely on the pending charge, is counted as three (3) days. Id. at (E). A defendant not brought to trial within the statutory time frame must be discharged upon a motion made at, or prior to, the commencement of trial. See R.C. 2945.73(B). It is also well settled that the speedy trial statutes must be strictly enforced against the prosecution. SeeState v. Pachay (1980), 64 Ohio St.2d 218, 221, 416 N.E.2d 589;State v. Dotson (Nov. 5, 1999), Highland App. No. 99CA03; State v.Shilling (Dec. 30, 1996), Washington App. No. 96CA30.
 {¶ 11} At the outset we emphasize that the unusually long and convoluted procedural history of this case makes a mathematical speedy trial calculation extremely difficult. Indeed, appellant's brief does not even attempt to set forth a mathematical calculation. The prosecution does attempt to count days, but we disagree with several of its computations. We point this out not as criticism of either party, but to underscore the difficulty in applying these statutes to the unusual facts and circumstances present in the case sub judice.
 {¶ 12} Our review of the record indicates (and appellee agrees) that appellant was arrested and jailed on November 18, 2004. On November 30, 2004 appellant filed a discovery request. *Page 7 
That request tolled the running of the speedy trial clock. SeeState v. Brown, 98 Ohio St.3d 121, 781 N.E.2d 159, 2002-Ohio-7040, at the syllabus. Thus, appellant was incarcerated for twelve days and, applying the triple-count mechanism, spent thirty-six days in jail for speedy trial purposes.
 {¶ 13} Appellee concedes that the speedy trial clock started on December 8, 2004 when it answered appellant's discovery request. The time tolled again, however, on January 24, 2005 when appellant requested a continuance. See R.C. 2945.72(H). Forty-seven days elapsed at that point and, applying the triple-count mechanism, we compute one hundred forty one days to the speedy trial time. Computations become more muddled and complex at this juncture.
 {¶ 14} On March 7, 2005, appellant filed a motion to suppress evidence. The trial court decided that motion over one year later, on March 23, 2006. After the court decided the motion, appellant was free for one hundred thirty two days until his bond was revoked on August 2, 2006.[5] Appellant then spent twenty-one more days in jail awaiting trial. During this time the triple count mechanism was applicable.
 {¶ 15} Our review of the procedural history in this case reveals that well in excess of two hundred seventy days (270) elapsed before appellant was brought to trial. Appellant first *Page 8 
points to the time period that his motion to suppress was pending and argues that it is unreasonable to take longer than one year to rule on his motion. We agree. Generally, a motion to suppress evidence will toll speedy trial time. See R.C. 2945.72(E). As appellant notes in his brief, however, that provision is subject to a requirement of "reasonableness."State v. Arizola (1992), 79 Ohio App.3d 72, 76, 606 N.E.2d 1020.[6]State v. Fields, Guernsey App. No. 05-CA-17, 2006-Ohio-223, at ¶¶ 28-29. Our Third District colleagues held that a seven month delay in ruling on a motion to suppress evidence in that case was excessive and unreasonable. Id. Likewise, our Fifth District colleagues held that three hundred eleven (311) days were unreasonable and warranted a dismissal of charges. The Twelfth District reached a similar result when it held that two hundred fifty two (252) days to rule on a motion to reconsider (an order denying a motion to suppress) is unreasonable.State v. Baker, Fayette App. No. CA2005-05-017, 2006-Ohio-2516, at ¶ 43.
 {¶ 16} The standard used to gauge a "reasonable" time period for ruling on a motion to suppress evidence requires a "careful examination of the particular circumstances of the case" in light of (1) the complexity of facts and difficulty of legal issues *Page 9 
involved and (2) time constraints placed on a trial judge's schedule.Arizola, supra at 76. Applying that standard to this case, we see nothing particularly complex about appellant's motion to suppress evidence and nothing to warrant waiting over one year to decide the motion.
 {¶ 17} With respect to the trial court's schedule, we recognize that Highland County encountered unusual circumstances during this case (the indictment of a common pleas court judge). We do not, however, believe that appellant should be made to essentially forfeit his speedy trial rights because of that incident, nor do we believe that one year is a reasonable time to allow appellant's motion to remain pending while other judges were assigned to the court. We thus conclude that appellant's suppression motion did not toll the statutory speedy trial time limit for the entire year that it remained pending and awaiting a decision.
 {¶ 18} Moreover, it is not necessary for us to determine precisely when the speedy trial time clock would have re-started, nor do we need to mathematically calculate the time charged to appellant or to appellee. Appellant argues that assuming arguendo that speedy trial time clock tolled for the entire period that the suppression motion was pending, the statutory speedy trial time would still have expired. Our review of the record confirms that argument and reveals that three hundred seventy two (372) days must be charged against appellee for *Page 10 
purposes of calculating whether appellant was brought to trial within the statutory time frame. Our computations are as follows:
 Triple
Time Frames Actual days count days
11-18-04 arrest until discovery
request on 11-30-04 12 days 36 days
12-8-04 State provides discovery
until continuance motion 1-24-05 47 days 141 days
3-23-06 ruling on suppression motion
till bond revoked on 8-2-06 132 days 132 days
8-2-06 bond revoked until trial
8-24-06 22 days 66 days
Total 375 days

 {¶ 19} Because prima facie evidence exists that the statutory speedy trial time had expired, the burden then shifted to appellee to prove that the time limit had not expired either because (1) time was extended under R.C. 2945.72 or (2) the triple-count mechanism did not apply. State v. Whitt, Scioto App. No. 04CA2962,2005-Ohio-5154, at ¶ 10; State v. Beverly, Ross App. No. 04CA2809,2005-Ohio-4954, at ¶ 10; State v. McGhee, Lawrence App. No. 04CA15,2005-Ohio-1585, at ¶ 39. Although appellee advances several arguments in its brief, we find none persuasive.
 {¶ 20} First, appellee argues that the R.C. 2945.71(E) triple-count mechanism did not apply in late 2004 because appellant was not held in jail solely on the charges at issue in this case. *Page 11 
Appellee claims that appellant was also jailed for several months on a probation violation in Hillsboro Municipal Court Case No. TRD 0200036. As an abstract proposition of law, we agree with appellee that the triple-count mechanism would not apply if appellant was, in fact, held in jail on charges other than the charges at issue here. The problem, however, is that appellee did not raise this argument below and did not introduce evidence to substantiate its claims. The only evidence we found to support appellee's position is attached to appellee's brief as an exhibit. However, it is well-settled that an appellate court cannot consider such items unless they were part of the trial court record. See App.R. 12(A); State v. Martin, Scioto App. No. 04CA2946, 2005-Ohio-4059, at ¶ 11; State v. Stewart, Washington App. No. 02CA29, 2003-Ohio-4850, at ¶ 9.[7]
 {¶ 21} Similarly, appellee asserts that the speedy trial time should have been tolled again in January 2005 when appellant sent to appellee a second discovery request. We, however, find no indication in the record that this discovery request was actually made. Indeed, appellee concedes that this request was not actually filed and the only copy is attached to appellee's brief as an exhibit. Again, appellate courts may not consider exhibits attached to appellate briefs that are not part of the trial court *Page 12 
record.[8]
 {¶ 22} Appellee also points out that appellant requested numerous continuances over the course of the trial court proceeding. We agree, but a request for continuance tolls running of the speedy trial time only for the "period" of that continuance. See R.C. 2945.72(H). A continuance request does not toll the speedy trial time indefinitely. Here, the record reveals that appellant requested three continuances when speedy trial time was already tolled from his motion to suppress evidence. Thus, the remaining two continuances must be counted against appellant in our calculations.
 {¶ 23} To summarize, we believe that this case languished far too long before appellant was brought to trial. Although the situation in Highland County was unique, it did not create an insurmountable burden. We recognize, however, that neither the prosecution nor the trial court judges should be blamed for problems beyond their control. Nonetheless, a defendant does not forfeit his statutory speedy trial rights.
 {¶ 24} For these reasons, we hereby sustain appellant's first assignment of error. This renders moot appellant's six remaining *Page 13 
assignments of error and we disregard them pursuant to App.R. 12(A)(1)(c). Accordingly, we hereby reverse the trial court's judgment and order that appellant be discharged.
JUDGMENT REVERSED AND APPELLANT DISCHARGED.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and that appellant recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Abele, P.J. Kline, J.: Concur in Judgment Opinion McFarland, J.: Dissents
Peter B. Abele, Presiding Judge, Roger L. Kline, Judge, Matthew W. McFarland, Judge, concur.
[1] The driver of the white van, Robert Huneke, apparently had no connection to appellant or to the manufacture of methamphetamine. Huneke stopped to retrieve the bag because he believed a fellow hunter had lost it accidentally.
[2] The indictment's first two counts relate to incidents that occurred prior to the facts at issue herein. Because those counts are not the subject of this appeal, we need not discuss them.
[3] During this time period, the sitting Highland County Common Pleas Court judge was temporarily relieved of his duties and visiting judges were appointed to perform the judicial duties.
[4] The appellee did not pursue the first and second counts of the indictment after the suppression ruling. Those counts were dismissed in the trial court's August 29, 2006 sentencing entry.
[5] Appellant was released from jail for an indefinite furlough on June 9, 2005.
[6] In reaching that conclusion, the court noted the statute's legislative history. A committee comment explains that a motion to suppress evidence does not unconditionally extend the time limit in which an accused must be brought to trial, but, rather, the time limit is "merely extended by the time necessary in light of the reason for delay." 79 Ohio App.3d at 75.
[7] We recognize that appellant's motion was filed on the day of trial and gave appellee little time to assemble evidence in rebuttal. However, the trial spanned two days and such evidence could have been included in the record.
[8] Even if we could have considered this discovery request, it would have made little difference. By our calculations more than one year must be charged against appellee for purposes of speedy trial. Appellee argues in its brief that it received the discovery request on January 13, 2005 and responded five days later. Thus, applying the triple-count mechanism, this would reduce the 375 days we have calculated to 360 days which is nonetheless beyond the statutory time limit. *Page 1