[Cite as *State v. Powell*, 2011-Ohio-4112.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |  |
|---|---|---|---|
|  | : | JUDGES: |  |
| STATE OF OHIO | : | William B. Hoffman, P.J. |  |
|  | : | Sheila G. Farmer, J. |  |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |  |
|  | : |  |  |
| -vs- | : | Case No. 10-COA-040 |  |
|  | : |  |  |
|  | : |  |  |
| DALE L. POWELL, JR. | : | O P I N I O N |  |
| Defendant-Appellant |  |  |  |

CHARACTER OF PROCEEDING: Criminal Appeal from Ashland County
Court of Common Pleas Case No.
10-CRI-041

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: August 17, 2011

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RAMONA ROGERS                       DOUGLAS A. MILHOAN
Ashland County Prosecutor            P.O. Box 347
110 Cottage Street, 3rd Floor         Middlebranch, Ohio 44652
Ashland, Ohio 44805

*Edwards, J.*

{¶1}   Appellant, Dale L. Powell, Jr., appeals a judgment of the Ashland County Common Pleas Court convicting him of possession of marihuana (R.C. 2925.11(A)), trafficking in marihuana (R.C. 2925.03(A)(2)), possessing criminal tools (R.C. 2923.24(A)), and endangering children (R.C. 2919.22(A)).   Appellee is the State of Ohio.

## STATEMENT OF FACTS AND CASE

{¶2}   On March 31, 2010, Lt. Scott Smart of the Ashland County Sheriff's Department met with an informant concerning an investigation into an individual who was scheduled to deliver a large shipment of marihuana to Ashland County.  On April 1 and April 2, 2010, the informant made two controlled calls to appellant, who was using the name "Big Dell," concerning the shipment.

{¶3}   On April 2, 2010, appellant told the informant he was leaving Texas with the marihuana and was driving a Chevy Avalanche.  He thought he would be back in Ashland County in 22 hours.  Police obtained a search warrant for the vehicle. Appellant met the informant at Walmart in Richland County, Ohio.  Police officers instructed the informant to have appellant follow him.  Shortly after appellant entered Ashland County, officers stopped the Avalanche.  Appellant's girlfriend and three young children, ranging in age from an infant to around ten years old, were in the vehicle.  A drug detection dog indicated that there were drugs in the vehicle.

{¶4}   Lt. Smart spoke with appellant at the scene.  Initially appellant denied that there were drugs in the car.  Appellant did eventually acknowledge that there were drugs in the vehicle, claiming there was one trash bag containing marihuana in the

vehicle. Officers found two trash bags containing marihuana, one containing two large bales and one containing a single bale.

{¶5} Appellant was then taken to the Ashland County Sheriff's Office where he was interviewed by Lt. Smart. Appellant stated that he desperately needed money to support his family so he agreed to travel to Texas to collect a shipment of marihuana to transport to Ohio. He met with a Mexican man at a car wash who gave him $1,000 to transport the marihuana from Texas to Ohio. He paid $250 in child support, leaving him with $750. He and his family traveled to the Houston area. Appellant took his family because his "old lady" was from Texas and if stopped by police, they could claim to be visiting family. Appellant was instructed to eat at a Hooters restaurant and leave the keys in the Avalanche. While appellant was eating, someone took the vehicle and placed three bales of marihuana inside. After dinner, appellant and his family checked into a hotel. Appellant took the marihuana inside and weighed it, finding it weighed around 60 pounds. He placed one bale in one trash bag, and two in a second trash bag. He also placed towels from the hotel in the bags. Appellant told police he planned to keep one bale for his own personal use.

{¶6} Appellant was indicted by the Ashland County grand jury with one count of possession of marihuana, one count of trafficking in marihuana, one count of possessing criminal tools and one count of endangering children. Following jury trial he was convicted of all counts. At the sentencing hearing, the State agreed that the possession and trafficking accounts merged, and elected to have appellant sentenced for trafficking. The court sentenced appellant to ten years incarceration for trafficking in marihuana, twelve months for possessing criminal tools and 180 days for endangering

children, with all sentences served concurrently. Appellant assigns two errors on appeal:

{¶7} "I. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO DISMISS FOR A VIOLATION OF HIS RIGHT TO A SPEEDY TRIAL.

{¶8} "II. THE JURY VERDICT FINDING APPELLANT GUILTY OF TRAFFICKING IN MARIHUANA WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION."

I

{¶9} In his first assignment of error, appellant argues that the court erred in overruling his motion to dismiss on speedy trial grounds. Appellant filed a motion to dismiss on October 8, 2010. On October 13, 2010, the court overruled the motion to dismiss, finding that State had 90 days within which to bring appellant to trial, 51 days of the speedy trial clock had run when appellant filed a motion to suppress on May 24, 2010, and the time was tolled until the court ruled on the motion on September 10, 2010. Appellant's trial began 35 days later on October 15, which according to the court's calculation came on the 86th day of the 90 day time limit.

{¶10} The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. Pursuant to these constitutional mandates, R.C. 2945.71 through R.C. 2945.73 prescribe specific time requirements within which the State must bring an accused to trial. *State v. Baker,* 78 Ohio St.3d 108, 110, 1997-Ohio-229, 676 N.E.2d 883. R.C. 2945.71 provides, in pertinent part:

{¶11} "(C) A person against whom a charge of felony is pending:

{¶12} "(2) Shall be brought to trial within two hundred seventy days after the person's arrest....

{¶13} "(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section."[1]

{¶14} However, the time limit can be tolled, or extended, pursuant to R.C. 2945.72, which states, in relevant part:

{¶15} "The time within which an accused must be brought to trial, * * * may be extended only by the following:

{¶16} "* * *(E) Any period of delay necessitated by reason of a .... motion, proceeding, or action made or instituted by the accused."

{¶17} Speedy trial statutes are to be strictly construed against the State. *State v. Miller* (1996), 113 Ohio App.3d 606, 681 N.E.2d 970. In reviewing a speedy trial claim, an appellate court must count days chargeable to each side and determine whether the case was tried within the statutory time limits. *City of Oregon v. Kohne* (1997), 117 Ohio App.3d 179, 690 N.E.2d 66.

{¶18} Appellant agrees that the time was tolled by his motion to suppress. However, he argues that the clock began to run again on August 3, 2010, when the parties submitted their written closing arguments on the motion to suppress, rather than

---

[1] Appellant remained in prison during the pendency of the case, thus triggering the triple count provision of R.C. 2945.71(E).

on September 10, 2010, when the court ruled on the motion.  Appellant relies on R.C. 2937.21, which provides:

{¶19} "No continuance at any stage of the proceeding, including that for determination of a motion, shall extend for more than ten days unless both the state and the accused consent thereto. Any continuance or delay in ruling contrary to the provisions of this section shall, unless procured by defendant or his counsel, be grounds for discharge of the defendant forthwith."

{¶20} However, the Ohio Supreme Court has expressly held that R.C. 2937.21 does not apply to proceedings in the common pleas court:

{¶21} "A second basis for holding that the trial judge was not limited by this statute in ruling on the appellee's motion is the decision of this court in *State v. Fowler* (1963), 174 Ohio St. 362, 189 N.E.2d 133. This court specifically held, at page 364, 189 N.E.2d at page 134, that the requirements of R.C. 2937.21 should not be imposed upon the operation of the Court of Common Pleas, as follows:

{¶22} "'This section was enacted as a part of Amended Substitute Senate Bill No. 73 by the One Hundred and Third General Assembly, 'relative to making practice and procedure in the trial of criminal offenses uniform in courts Inferior to the court of common pleas.' Thus, since the present proceeding was begun in the Court of Common Pleas, Section 2937.21 is not applicable thereto.' (Emphasis added.)

{¶23} "In light of the foregoing, therefore, R.C. 2937.21 does not operate to impose a statutorily mandated maximum time frame in which a motion, such as that in the present appeal, has to be decided. The 90 day time limit was extended for the full 22 days consumed in deciding that motion and was properly charged to the defendant

as 'delay' caused by a 'motion * * * made or instituted by the accused,' pursuant to R.C. 2945.72(E)." *State v. Martin* (1978), 56 Ohio St.2d 289, 296-97, 384 N.E.2d 239.

{¶24} The motion to suppress in this case consumes three volumes of transcript and was heard on three separate days:  July 19, July 20, and July 22, 2010.  The parties submitted written closing arguments to the court on August 3, 2010.  The time did not start to run again until the court ruled on the motion on September 10, 2010.

{¶25} In finding a speedy trial violation where the trial court did not rule on a motion to suppress for 311 days, this Court has held that 120 days is a reasonable amount of time to rule on a motion to suppress:

{¶26} "Upon our review of the record, we find that the trial court's delay in ruling on appellant's Motion to Suppress was unreasonable and that, therefore, appellant's speedy trial rights were violated. In the case sub judice, three hundred and eleven (311) days passed between the date the Motion to Suppress was filed on April 28, 2004, and the date that appellant, on March 4, 2005, filed his Motion to Dismiss on speedy trial grounds. Pursuant to Sup .R. 40, which is analogous to former M.C.Sup.R. 6, 120 days is a reasonable amount of time within which to rule on appellant's April 28, 2004, Motion to Suppress, leaving a balance of one hundred ninety (191) days. Therefore, appellant clearly was not brought to trial within ninety (90) days as required by R.C. 2945.71. See *State v. Edwards,* Tusc.App. No.2002 AP 08 0065, 2003-Ohio-334." *State v. Fields*, Guernsey 05-CA-17, 2006-Ohio-223, ¶28.

{¶27} We do not find the 37 days which passed while the court ruled on the motion to suppress in the instant case was an unreasonable period of delay.

{¶28} Pursuant to the court's calculations, trial began on day 86 of the 90 days within which appellant was to be brought to trial. We further note that the time was tolled on October 8, 2010, by appellant's motion to dismiss, and remained tolled until the court ruled on the motion on October 13, 2010. Further, appellant filed a motion in limine on October 14, 2010, the day before trial, again tolling the clock. Appellant's speedy trial rights were not violated as he was brought to trial in less than 90 days as required by R.C. 2945.71(E).

{¶29} The first assignment of error is overruled.

II

{¶30} In his second assignment of error, appellant argues that the judgment finding him guilty of trafficking in marihuana is against the manifest weight of the evidence. His sole argument is that based on his statement to the police that he intended to keep one bale of marihuana for himself, he did not exceed the bulk amount of 20,000 grams required to sustain the conviction. Appellant argues that the jury could not believe part of the story he told police concerning transporting the drugs from Texas, while choosing to disbelieve that one statement concerning his intention for one bale of marihuana.

{¶31} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, 'weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678

N.E.2d 541, 1997-Ohio-52, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.

{¶32} R.C. 2925.03(A)(2) provides:

{¶33} "(A) No person shall knowingly do any of the following:

{¶34} "(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."

{¶35} R.C. 2925.03(C)(3)(f) provides:

{¶36} "(f) Except as otherwise provided in this division, if the amount of the drug involved equals or exceeds twenty thousand grams, trafficking in marihuana is a felony of the second degree, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the second degree. If the amount of the drug involved equals or exceeds twenty thousand grams and if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in marihuana is a felony of the first degree, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree."

{¶37} Appellant does not dispute that the total weight of the marihuana found in his vehicle was 27,223 grams. However, he argues that the jury lost its way in convicting him when he intended to keep 1/3 of the marihuana for his own personal use.

{¶38} The trier of fact is free to believe or disbelieve any or all of the testimony presented. E.g., *State v. Kaufman*, 187 Ohio App.3d 50, 931 N.E.2d 143, 2010-Ohio-1536, ¶83. Appellant told police he was desperate for money to support his family and

agreed to transport drugs to help support his family. He claimed to be in fear of the drug dealers he was involved with during this transaction. Certainly the jury could choose to disbelieve his statement that he intended to keep around 20 pounds of marihuana for his own personal use when by doing so he was missing an opportunity to make money from the marihuana and would be deceiving the drug dealers he claimed to be in fear of. The judgment is not against the manifest weight of the evidence.

{¶39} The second assignment of error is overruled.

{¶40} The judgment of the Ashland County Common Pleas Court is affirmed.

By: Edwards, J.

Hoffman, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/r0616

[Cite as *State v. Powell*, 2011-Ohio-4112.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DALE L. POWELL, JR. | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10-COA-040 |

 

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed.  Costs assessed to appellant.

_____

_____

_____

JUDGES