[Cite as *State v. Powell*, 2015-Ohio-3561.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DALE L. POWELL, JR. | : | Case No. 15-COA-016 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Ashland County
                                Court of Common Pleas, Case No.
                                10-CRI-041

JUDGMENT:                       Affirmed

DATE OF JUDGMENT:               August 28, 2015

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHRISTOPHER R. TUNNELL                     DALE L. POWELL, JR., pro se
Ashland County Prosecutor                  #593-674
                                           Marion Correctional Institution
By: GARY D. BISHOP                         P.O. Box 57
Assistant Prosecuting Attorney             Marion, OH 43301
110 Cottage Street, Third Floor
Ashland, OH 44805

*Baldwin, J.*

{¶1}    Appellant Dale L. Powell, Jr. appeals a judgment of the Ashland County Common Pleas Court overruling his motion to waive imposition of a mandatory fine. Appellee is the State of Ohio.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2}    On March 31, 2010, Lt. Scott Smart of the Ashland County Sheriff's Department met with an informant concerning an investigation into an individual who was scheduled to deliver a large shipment of marijuana to Ashland County. On April 1 and April 2, 2010, the informant made two controlled calls to appellant, who was using the name "Big Dell," concerning the shipment.

{¶3}    On April 2, 2010, appellant told the informant he was leaving Texas with the marijuana and was driving a Chevy Avalanche. He thought he would be back in Ashland County in 22 hours. Police obtained a search warrant for the vehicle. Appellant met the informant at Walmart in Richland County, Ohio. Police officers instructed the informant to have appellant follow him. Shortly after appellant entered Ashland County, officers stopped the Avalanche. Appellant's girlfriend and three young children, ranging in age from an infant to around ten years old, were in the vehicle. A drug detection dog indicated that there were drugs in the vehicle.

{¶4}    Lt. Smart spoke with appellant at the scene. Initially appellant denied that there were drugs in the car. Appellant did eventually acknowledge that there were drugs in the vehicle, claiming there was one trash bag containing marijuana in the vehicle.

Officers found two trash bags containing marijuana, one containing two large bales and one containing a single bale.

{¶5}    Appellant was then taken to the Ashland County Sheriff's Office where he was interviewed by Lt. Smart. Appellant stated that he desperately needed money to support his family so he agreed to travel to Texas to collect a shipment of marijuana to transport to Ohio. He met with a Mexican man at a car wash who gave him $1,000 to transport the marijuana from Texas to Ohio. He paid $250 in child support, leaving him with $750. He and his family traveled to the Houston area. Appellant took his family because his "old lady" was from Texas and if stopped by police, they could claim to be visiting family. Appellant was instructed to eat at a Hooters restaurant and leave the keys in the Avalanche. While appellant was eating, someone took the vehicle and placed three bales of marijuana inside. After dinner, appellant and his family checked into a hotel. Appellant took the marijuana inside and weighed it, finding it weighed around 60 pounds. He placed one bale in one trash bag, and two in a second trash bag. He also placed towels from the hotel in the bags. Appellant told police he planned to keep one bale for his own personal use.

{¶6}    Appellant was indicted by the Ashland County grand jury with one count of possession of marijuana, one count of trafficking in marijuana, one count of possessing criminal tools and one count of endangering children. Following jury trial he was convicted of all counts. At the sentencing hearing, the State agreed that the possession and trafficking accounts merged, and elected to have appellant sentenced for trafficking. The court sentenced appellant to ten years incarceration for trafficking in marijuana, twelve months for possessing criminal tools and 180 days for endangering children, with

all sentences served concurrently. The court also imposed a mandatory fine of $10,000.00. Appellant appealed, and this Court affirmed the judgment. *State v. Powell,* 5th Dist. Ashland No. 10-COA-40, 2011-Ohio-4112.

{¶7} On March 3, 2015, appellant filed a motion to waive imposition of the mandatory fine and an affidavit of indigency. The court overruled the motion on March 31, 2015. Appellant assigns a single error on appeal:

{¶8} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPOSED A MANDATORY FINE AND FAILED TO WAIVE THE FINE IN CONTRADICTION TO O.R.C. §2925.03(L) & §2929.18(B)(1). OHIO CONST., ARTICLE I, SECTION 10 AND 16 AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION."

{¶9} Appellant argues that the court should have waived the fine because he was indigent.

{¶10} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry,* 10 Ohio St. 2d 175, 180, 226 N.E.2d 104 (1967). We have previously held that failure to raise the issue of imposition of a mandatory fine on direct appeal renders the issue res judicata. *State v. Roberson,* 5th Dist. Stark No.2001 CA00070, 2003–Ohio–4282; *State v. Slagle,* 5th Dist. Richland No. 12CA62, 2013-Ohio-230. Appellant failed to raise this issue on direct appeal, and his argument now barred by res judicata.

{¶11} The assignment of error is overruled.  The judgment of the Ashland County Common Pleas Court is affirmed.  Costs are assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

Farmer, J. concur.