[Cite as *State v. Spencer*, 2018-Ohio-873.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

STATE OF OHIO                    :
                                 :
    Plaintiff-Appellee           :    Appellate Case No. 2017-CA-22
                                 :
v.                               :    Trial Court Case No. 2017-CR-33
                                 :
BRIAN L. SPENCER                 :    (Criminal Appeal from
                                 :     Common Pleas Court)
    Defendant-Appellant          :
                                 :

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of March, 2018.

. . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, 4th Floor, Springfield, Ohio 45501
    Attorney for Plaintiff-Appellee

DAVID R. MILES, Atty. Reg. No. 0013841, 125 West Main Street, Suite 201, Fairborn, Ohio 45324
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Brian L. Spencer appeals from his conviction and sentence following a guilty plea to one count of involuntary manslaughter, a first-degree felony.

{¶ 2} Spencer advances two assignments of error. First, he contends the trial court erred in imposing a statutory maximum sentence for the involuntary-manslaughter conviction. Second, he claims the trial court erred in imposing an additional 735-day prison sentence as a sanction for violating post-release control in a prior case by the commission of a new felony.

{¶ 3} The record reflects that Spencer pled guilty to a bill of information charging him with involuntary manslaughter in lieu of the prosecutor seeking a murder indictment from a grand jury. At the plea hearing, the prosecutor made the following factual recitation:

> The facts that support the single count or the single charge contained in the bill of information are that back between October 5th, 2016 and October 6th, 2016 this Defendant was the biological father of a six-week old child named [L.S.]. The Defendant and the child's biological mother and the child were staying at the Drake Motel here in Clark County, Ohio. At some point, between the late evening hours of October 5th, 2016 and the early morning hours of October 6th, 2016, this Defendant was responsible for inflicting serious physical harm upon the little baby.
>
> The Defendant knew that the baby was injured, as [sic] his biological duty to seek care or medical intervention or help for this child. They failed to do that. He failed to do that until the next morning when it was too late, and as a result of this violation and the Defendant's actions and inactions,

the little baby died. Those are the facts that support the single count of this bill of information.

(Plea Tr. at 6-7).

{¶ 4} During a Crim.R. 11 plea colloquy, Spencer admitted the truth of the facts recited by the prosecutor and pled guilty. The trial court accepted his guilty plea, made a finding of guilt, and ordered a presentence investigation.

{¶ 5} At Spencer's sentencing hearing, the trial court heard a victim-impact statement from relatives. It also heard from defense counsel, the prosecutor, and Spencer. The trial court additionally considered the PSI report and autopsy results, which showed that the child had multiple skull fractures and extensive bodily bruising. The trial court noted that twenty-one-year old Spencer had a prior juvenile record, prior adult misdemeanor convictions, and a prior adult felony conviction for burglary, which resulted in a one-year prison sentence. The trial court explicitly addressed several of the statutory "seriousness" and "recidivism" factors before imposing an eleven-year prison term for involuntary manslaughter. The trial court also noted that Spencer was on post-release control for the burglary conviction at the time of the child's death. As a result, it imposed a consecutive 735-day prison sentence for Spencer's commission of a felony while on post-release control. This appeal followed.

{¶ 6} In his first assignment of error, Spencer challenges his eleven-year prison sentence for involuntary manslaughter. While acknowledging that the sentence is not contrary to law, he contends the record does not support it. His entire substantive argument is as follows:

> * * * In the case sub judice, appellee's trial counsel's position was

that appellant had committed a murder. Appellant being responsible for murdering his child was an unproven charge. The trial court appeared to have accepted appellee's argument in pronouncing a near murder conviction sentence. The trial court failed to take into account that appellant accepted responsibility for what he pled guilty to, i.e., failing to provide medical treatment for his child. The trial court did not take into consideration his youth (21) and the recommendation of treatment (McKinley Hall) for his substance abuse issues.

(Appellant's Brief at 5).

{¶ 7} Upon review, we find Spencer's argument to be unpersuasive. Under R.C. 2953.08(G)(2), we cannot vacate or otherwise alter his sentence unless we clearly and convincingly find that the record fails to support it. Spencer has not met this standard. Contrary to his argument, the record supports a finding that he beat and killed his child. While it is true that Spencer was not convicted of murder, the trial court was entitled to consider information in the PSI report strongly suggesting that he beat his child to death. *See, e.g., State v. Jordan*, 2d Dist. Champaign No. 2016-CA-17, 2017-Ohio-5827, ¶ 35 (recognizing that a trial court at sentencing may consider hearsay evidence contained in a PSI report and facts beyond those strictly related to the offense of conviction).

{¶ 8} Information accompanying the PSI report, including law-enforcement investigation notes based on interviews with Spencer and the child's mother, establish that Spencer "huffed" paint and then brutally beat the child in a motel room while the child's mother was out shopping. The investigation notes reference "massive bruising" all over the child's body as well as autopsy findings including "massive head trauma" with

the child's skull "split at least three different ways." During his interviews with investigators, Spencer denied engaging in any abuse but admitted hearing the child "grunting" and making "weird noises" that night. During his PSI interview, he acknowledged that when the child "would breath[e] his lip would shiver, kind of like he was gasping a little bit." The next morning the child was dead. The trial court acted within its discretion in considering the foregoing facts when deciding to impose a statutory-maximum sentence for involuntary manslaughter.

{¶ 9} As for the other issues Spencer mentions, the trial court expressly referenced his age, his substance-abuse problems, and "information from McKinley Hall," which included a recommendation of substance-abuse treatment. The trial court also found "no genuine remorse" for the present offense. Therefore, we reject Spencer's argument that the trial court failed to consider these things. Having reviewed the record, we do not find that it clearly and convincingly fails to support an eleven-year prison sentence for involuntary manslaughter. The first assignment of error is overruled.

{¶ 10} In his second assignment of error, Spencer challenges the trial court's imposition of a 735-day prison sentence for committing a felony while on post-release control. Specifically, he contends post-release control was not properly imposed in connection with his 2015 burglary conviction, rendering the post-release-control portion of his sentence in that case void. Therefore, he asserts that he was not properly on post-release control when he committed involuntary manslaughter.

{¶ 11} Upon review, we find Spencer's argument to be persuasive. After pleading guilty to burglary in 2015, he appeared for sentencing and received a one-year prison sentence. A transcript of his sentencing hearing in that case, which is included in the

record, reflects that the trial court also briefly addressed post-release control with him. It stated only that "[u]pon your release from prison you could be placed on post-release control for three-years." (Feb. 26, 2015 Sentencing Tr. at 5). The trial court in the burglary case did not advise Spencer at sentencing of the consequences of violating post-release control. The lack of such an advisement rendered the trial court's imposition of post-release control void, and the error is not correctable because Spencer has completed his one-year sentence. *See, e.g., State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 18, 23; *State v. Tanksley*, 2d Dist. Clark No. 2015-CA-80, 2016-Ohio-2963, ¶ 24. Because the imposition of post-release control in the burglary case is void, the trial court lacked authority in the present involuntary-manslaughter case to sanction Spencer for committing a felony while on post-release control. *Tanksley* at ¶ 24.

{¶ 12} We note too that the trial court ordered Spencer to serve his 735-day prison sentence for violating post-release control "prior to and consecutively to the 11 years imposed for the involuntary manslaughter." (Doc. #3 at 3). Because that 735-day sentence resulted from Spencer's involuntary-manslaughter conviction, the time he already has served for the non-existent post-release-control-violation shall be credited toward his eleven-year sentence for involuntary manslaughter. *Id.* Spencer's second assignment of error is sustained.

{¶ 13} Based on the reasoning set forth above, we affirm in part and reverse in part the judgment of the Clark County Common Pleas Court. The trial court's judgment is affirmed with respect to its imposition of an eleven-year prison sentence for involuntary manslaughter. The trial court's judgment is reversed with respect to its imposition of a 735-day prison sentence for committing a felony while on post-release control, and the

735-day prison sentence is vacated. This matter is remanded to the trial court for the limited purpose of issuing a revised judgment entry consistent with our judgment herein and to notify the appropriate prison officials of the revised judgment entry.

. . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies mailed to:

Andrew P. Pickering
David R. Miles
Hon. Richard J. O'Neill