[Cite as *State v. Powell*, 2019-Ohio-3858.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |   | JUDGES:                       |
|--------------------------|---|-------------------------------|
| STATE OF OHIO            | : | Hon. W. Scott Gwin, P.J.      |
|                          | : | Hon. William B. Hoffman, J.   |
| Plaintiff-Appellee       | : | Hon. John W. Wise, J.         |
|                          | : |                               |
| -vs-                     | : |                               |
|                          | : | Case No. 19-COA-022           |
| DALE L. POWELL, JR.      | : |                               |
|                          | : |                               |
| Defendant-Appellant      | : | OPINION                       |

CHARACTER OF PROCEEDING:      Criminal appeal from the Ashland County Court of Common Pleas, Case 10-CRI-041

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      September 20, 2019

APPEARANCES:

For Plaintiff-Appellee

CHRISTOPHER R. TUNNELL
Ashland County Prosecutor
110 Cottage Street, 3rd Floor
Ashland, OH 44805

For Defendant-Appellant

DALE L. POWELL, JR. #593-674
Marion Correctional Institution
Box 57
Marion, OH 43301

*Gwin, P.J.*

**{¶1}**    Appellant Dale L. Powell, Jr. appeals the May 8, 2019 judgment entry of the Ashland County Court of Common Pleas denying his motion to credit time served. Appellee is the State of Ohio.

*Facts & Procedural History*

**{¶2}**    In 2004, appellant pled guilty to two counts of unlawful sexual conduct with a minor, felonies of the third degree, in the Morrow County Court of Common Pleas. After appellant completed his prison term, he was placed on post-release control and completed three years and seventeen days of a five-year term.

**{¶3}**    While on post-release control in the Morrow County case, appellant was found guilty by a jury of trafficking in marijuana, a felony of the first degree, possession of marijuana, a felony of the second degree, possessing criminal tools, a felony of the fifth degree, and endangering children, a misdemeanor of the first degree, in the Ashland County Court of Common Pleas. The trial court found the possession of marijuana count was an allied offense of similar import to trafficking in marijuana and thus did not sentence appellant on the possession of marijuana count. On November 18, 2010, the trial court sentenced appellant to an aggregate prison term of ten years for those offenses, as follows:  ten years on the trafficking in marijuana count; twelve months for possessing criminal tools, to be served concurrently to the ten years for trafficking in marijuana; and one hundred and eighty days in jail for endangering children, to be served concurrently to the two other sentences.

**{¶4}**    Additionally, the trial court terminated appellant's post-release control from the Morrow County case and imposed, as an additional prison term, appellant's remaining

time on post-release control, which was seven hundred and thirty-two days, to be served consecutively to the ten-year prison term. The trial court also sentenced appellant to a new term of post-release control and notified appellant that upon completion of his prison term, he shall serve five years of post-release control.

{¶5} Appellant appealed his conviction and sentence to this Court and argued: the trial court erred in denying his motion to dismiss for a violation of his right to a speedy trial and the jury verdict finding appellant guilty of trafficking in marijuana was against the manifest weight of the evidence. In *State v. Powell*, 5th Dist. Ashland No. 10-COA-040, 2011-Ohio-4112, this Court overruled appellant's assignments of error and affirmed the judgment of the trial court. This Court also affirmed the trial court's denial of appellant's motion to waive imposition of a mandatory fine in *State v. Powell*, 5th Dist. Ashland No. 15-COA-016, 2015-Ohio-3561.

{¶6} On May 28, 2013, appellant filed a motion to correct sentence unauthorized by law. Appellant argued the 2004 sentence from the Morrow County Common Pleas Court did not include the statutorily mandated term of post-release control and thus the seven hundred and thirty-two day sanction imposed by the Ashland County Common Pleas Court in 2010 was void. Appellee filed a response to the motion on June 10, 2013. The trial court issued a judgment entry on June 26, 2013. The trial court found that when it sentenced appellant in 2010, a portion of that sentence was the imposition of a seven hundred and thirty-two day prison term for violating post-release control arising from a prior sentence imposed by the Morrow County Common Pleas Court on October 24, 2004. The trial court found the Morrow County Common Pleas Court failed to properly advise appellant regarding post-release control. Thus, the trial court found the seven

hundred and thirty-two day portion of the sentence was void and ordered the sentence imposed be corrected to exclude the prior imposition of the seven hundred and thirty-two days.

{¶7}     On November 2, 2016, the trial court issued a judgment entry clarifying jail time credit, finding appellant was not previously credited with the correct jail-time credit served, finding appellant was entitled to sixty-one additional days credit, and ordering the Bureau of Sentence Computation to adjust its records to reflect that appellant has total jail time credit of two hundred and eighty one days.  On May 12, 2017, the trial court issued a nunc pro tunc order correcting the total jail time credit to a total of three hundred and one days.

{¶8}     Appellant filed a motion to credit time served on April 8, 2019.  In his motion, appellant sought an order from the trial court to credit three years and seventeen days he served for a post-release control violation.  Appellant asserts he served three years and seventeen days of his improper post-release control sanction and thus that time should be credited towards the five years of post-release control that he will be required to serve when he is released on January 29, 2020.  Appellee filed an objection to appellant's motion to credit time served on April 10, 2019.  On May 8, 2019, the trial court issued a judgment entry denying appellant's motion to credit time served.  The trial court found appellant is not entitled to credit for post-release control.

{¶9}     Appellant appeals the May 8, 2019 judgment entry of the Ashland County Court of Common Pleas and assigns the following as error:

{¶10}   "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S REQUEST TO CREDIT HIM WITH 3 YEARS AND 17 DAYS HE SERVED

FOR A VOID POST RELEASE CONTROL VIOLATION TOWARD THE IMPOSITION OF POST RELEASE CONTROL ON THE SENTENCE HE IS CURRENTLY SERVING."

I.

{¶11} In his assignment of error, appellant contends he improperly served an additional three years and seventeen days of post-release control in the Morrow County case and is entitled to credit for that time served in the Ashland County case. Appellant argues his post-release control from the Ashland County case of five years should be reduced by three years and seventeen days.

{¶12} Appellant cites two cases in support of his argument. In both cases, the defendants argued they should receive credit for prison time served because the trial court did not properly impose post-release control and because they had already served their post-release control sanction violation sentences prior to their secondary felony sentences. *State v. Tanksley*, 2nd Dist. Clark No. 2015-CA-80, 2016-Ohio-2963; *State v. Spencer*, 2nd Dist. Clark No. 2017-CA-22, 2018-Ohio-873. In both *Tanksley* and *Spencer*, the trial court specifically ordered the defendants to serve their post-release control sentences prior to and consecutive to the prison sentence imposed for the new charges they were convicted of while on post-release control. *Id.* Thus, the Second District held the time the defendants served in prison for violations of their post-release control should be credited towards their prison sentences on the new charges. *Id.* We find both *Tanksley* and *Spencer* to be distinguishable and inapplicable to this case. In neither case did the court hold that the voided portion of the defendant's post-release control be credited against post-release control on the new charge, as appellant requests in this case. In this case, both parties and the Ohio Department of Rehabilitation and

Correction agree that appellant is scheduled to be released on January 29, 2020, after serving his ten-year sentence for trafficking in marijuana. Appellant has not served any time on his post-release control sentence that was vacated in 2014 and he will not serve any of that sentence when he is released in January of 2020.

{¶13} Post-release control is governed by R.C. 2967.28, which provides, in pertinent part:

(B) Each sentence to a prison term, other than a term of life imprisonment, for a felony of the first degree * * * shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. This division applies with respect to all prison terms of a type described in this division, including a term of any such type that is a risk reduction sentence. If a court imposes a sentence including a prison term of a type described in this division on or after July 11, 2006, the failure of a sentencing court to notify the offender pursuant to division (B)(2)(d) of section 2929.19 of the Revised Code of this requirement or to include in the judgment of conviction entered on the journal a statement that the offender's sentence includes this requirement does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under this division. This division applies with respect to all prison terms of a type described in this division, including a non-felony indefinite prison term. * * * Unless reduced by the parole board pursuant to division (D) of this section when authorized

under that division, a period of post-release control required by this division

for an offender shall be of one of the following periods:

(1)  For a felony of the first degree or for a felony sex offense, five years * *

*.

**{¶14}** The trial court's imposition of five years of post-release control in the Ashland County case is mandated by R.C. 2967.28.  Further, R.C. 2967.28 does not provide for credit of one offense's post-release control onto another offense's post-release control.  The time appellant was on post-release control in the Morrow County case is separate from any post-release control requirement mandated by R.C. 2967.28 in the Ashland County case and thus appellant is not entitled to any credit in the Ashland County case for the post-release control served in the Morrow County case.  See *State v. Miller*, 6th Dist. Huron No. 04-002, 2004-Ohio-6654 (holding that a defendant is not entitled to jail time credit on a subsequent conviction for time served for a prior post-release control sanction).

**{¶15}** Based on the foregoing, appellant's assignment of error is overruled. Neither the post-release control statute nor case law provide for appellant's prior voided post-release control to be credited against his future post-release control.

{¶16} The May 8, 2019 judgment entry of the Ashland County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, John, J., concur